SCORPIO COAL COMPANY, Appellant,

v.

John HARMON; Dwight T. Lovan, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 93–SC–92–WC.

Supreme Court of Kentucky.

Sept. 2, 1993.

Modified and Case Ordered Published Oct. 18, 1993.

Paul E. Jones, Baird, Baird, Baird & Jones, P.S.C., Pikeville, for appellant.

Jonathan Stanley, Rebecca Baylous, Wilson & Stanley, Lexington, for appellee Harmon.

OPINION OF THE COURT

Claimant, whose date of birth was December 31, 1945, had 14 to 16 years' exposure in the coal mining industry. He had worked for the defendant-employer for five months before being laid off on October 13, 1990. Thereupon he filed the instant claim for retraining incentive benefits, pursuant to KRS 342.732(1)(a).

Accompanying the claim were claimant's employment history, his medical history, and a waiver and consent to release his medical records as required by 803 KAR:011 § 7. Also submitted were ILO classification x-ray reports from Drs. Myers and Anderson, as required by KRS 342.316(2)(b)2.a. and (2)(d)1., and a chest x-ray taken by Dr. Myers. Dr. Myers reported that claimant's chest x-ray, taken on September 19, 1990, was consistent with category 1/1 pneumoconiosis. Dr. Anderson re-read the x-ray taken by Dr. Myers and reported that it was consistent with category 1/2 pneumoconiosis. These reports were later admitted into evidence. There was no evidence or assertion that either of these physicians examined claimant and no evidence of what, if any, information they were given about claimant and his work history when they were requested to evaluate his x-ray.

Drs. Vuskovich, Broudy, and Lane examined the claimant on the employer's behalf and took a detailed history. Drs. Vuskovich and Broudy read x-rays taken on February 19, 1991, but it is unclear whether both read the same or different x-rays. Dr. Lane read an x-ray taken on February 20, 1991. All three performed blood gas and spirometric studies. Dr. Vuskovich performed blood

tests, and he and Dr. Lane also performed an EKG. They all reported that claimant did not have pneumoconiosis and that the results of the physical examination and testing they performed were normal. Dr. Broudy did report a borderline restrictive defect, but concluded that claimant's shortness of breath was not pulmonary in origin.

The ALJ noted that claimant had failed to file two separate x-rays, but relying upon the evidence from Drs. Anderson and Myers, he found that claimant suffered from coal workers' pneumoconiosis. Because there was no claim or evidence of pulmonary impairment, claimant was awarded a retraining incentive benefit. KRS 342.732(1)(a).

The employer appealed to the Workers' Compensation Board (Board), asserting that a physician's statement on an ILO x-ray report that abnormalities present on a worker's chest x-ray are "consistent with pneumoconiosis," without any opinion as to the etiology and without a specific diagnosis that the abnormalities were caused by coal workers' pneumoconiosis and not some other disease entity, does not constitute substantial evidence that the worker has, in fact, contracted coal workers' pneumoconiosis.

The Board reversed the award because, although the Board believed that claimant had offered substantial evidence that he had contracted coal workers' pneumoconiosis, he had failed to comply with the requirement of KRS 342.732(1)(a) that a claim for retraining incentive benefits be accompanied by two chest x-rays and the reports thereof. Therefore, the award should be set aside and the claim dismissed for failure to offer sufficient substantial evidence.

The Court of Appeals affirmed the Board's conclusion that KRS 342.732(1)(a) required two chest x-rays and ILO reports thereof. The court reversed the Board, however, insofar as the effect of claimant's failure to submit the two required x-rays and reports. The court believed that, in view of 803 KAR 25:011 § 3(2), the better practice in a claim such as this, that was inadvertently filed without the necessary attachments, would be to remand the case to the ALJ to issue a show cause order directing the worker to supplement the record with any missing stat-

utory prerequisites. If the worker failed to do so within a given time, then the claim should be dismissed without a consideration of the merits. 803 KAR 25:011 § 3(2) requires the commissioner of the Board to return, unfiled, an application which is incomplete or is not accompanied by the required attachments.

KRS 342.732(1)(a), as amended in 1990, states as follows:

(a) If the administrative law judge finds that an employee has a radiographic classification of category 1/0, 1/1, or 1/2, based on the latest ILO International Classification of Radiographics, resulting from exposure to coal dust, which is validated by two (2) x-rays and reports of the x-rays which conform to the standards for x-rays contained in subsection (2) of KRS 342.316, he shall award a one time only retraining incentive benefit. . . .

KRS 342.316(2)(d)1. requires that, for claims filed pursuant to KRS 342.732(1)(a), "the claimant shall file two (2) x-rays and the reports thereof which shall conform to the standard for x-rays contained herein." KRS 342.316(2)(b)2.a. states:

a. Chest x-rays shall be of acceptable quality with respect to exposure and development and shall be indelibly labeled with the date of the x-ray and the name and social security number of the claimant. Physicians' reports of x-ray interpretations shall: identify the claimant by name and social security number; include the date of the x-ray and the date of the report; classify the x-ray interpretation using the latest ILO Classification and be accompanied by a completed copy of the latest ILO Classification report.

Furthermore, the Board has promulgated 803 KAR:011 § 7 which requires that an application for retraining benefits be filed on Form 103, be accompanied by a work history, relevant medical history, a waiver and release of medical records, and two x-ray reports.

■ The plain language of KRS 342.316(2)(d)1. requires that, in order to be filed, a claim for retraining incentive benefits must be accompanied by two chest x-rays and the

reports thereof. It is equally clear that no award of benefits may be made pursuant to KRS 342.732(1)(a) unless it is validated by two chest x-rays and the ILO classification reports thereof. Therefore, even if KRS 342.316(2)(d)1. did not require two chest x-rays in order to file a claim for retraining incentive benefits, the award of benefits in this case would have to be reversed because it was not authorized by KRS 342.732(1)(a).

■ Regarding the employer's argument that a worker cannot meet his burden of proof in a coal worker's pneumoconiosis claim without a physicians' diagnosis of the condition and statement that the condition results from work-related exposure to coal dust, we note, as did the Board, that diagnosis of this condition is most often based on x-ray evidence and work history. In view of the language of KRS 342.732(1)(a), we believe that positive ILO x-ray reports, when coupled with evidence of at least the minimum overall work-related exposure to coal dust as set forth in KRS 342.316(3)(b), would support, but would not necessarily compel, an award of retraining incentive benefits. An employer is always free to attempt to rebut the worker's evidence that he has contracted category 1 coal workers' pneumoconiosis with its own medical evidence that the worker does not have the disease or that, if there are lung abnormalities, they are caused by an entity other than coal workers' pneumoconiosis. In the instant case, although the employer's physicians found no evidence of pneumoconiosis and reported no other abnormal test results, the evidence they provided would not have compelled reversing an authorized award of retraining incentive benefits.

■ Finally, we address the proper course of action by the ALJ when a claim has been submitted for a decision on the merits without the documentation required by KRS 342.-316(2)(d)1. for filing the claim. We agree with the approach taken by the Court of Appeals. Regardless of whether the second x-ray and the report thereof were elements of proof required by KRS 342.732(1)(a), this claim was improperly filed by the Board in contravention of KRS 342.316(2)(d)1. and of 803 KAR 25:011 § 3(2). We note that 803

KAR 25:11 § 3(2) allows a worker ten days from the date his application was returned to resubmit the application in its proper form. Under the terms of the regulation, if a proper application is submitted within the ten-day period, the filing date will relate back to the date the application was first received by the commissioner. We believe that this regulation indicates an attempt by the Board not only to prevent the dismissal of claims because they failed to comply with the filing requirements of KRS 342.316 but to enable workers who attempt to file a noncomplying application to comply with the filing requirements in a timely manner. Had the Board followed its own regulation in this case and returned the application, unfiled, the claim would not have been submitted to the ALJ for decision without the necessary proof. Accordingly, we believe that when a claim is inadvertently filed without the attachments required by KRS 342.316, the proper procedure is for the ALJ to issue a show-cause order and direct the worker to supplement the record with any statutorily required documents. If the worker fails to do so within the time allowed in the order, the claim should be dismissed without a consideration of the merits.

We believe that the same procedure is appropriate in the instant case, although a decision on the merits was reached and the case appealed to the Board. In this instance the Board should have reversed the decision on the merits and remanded the case to the ALJ for entry of the show-cause order.

The decision of the Court of Appeals is hereby affirmed, and the case is remanded to the ALJ for proceedings consistent with this opinion.

All concur.

COMBS, J., not sitting.