**William MILLER, Appellant,**

v.

**ARCH OF KENTUCKY, INC.; John F. Kelley, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 95–CA–1949–WC.

Court of Appeals of Kentucky.

March 15, 1996.

Ronnie Cox, Harlan, for Appellant.

Ralph D. Carter, Hazard, for Appellee, Arch of Kentucky, Inc.

Before EMBERTON, HOWERTON and SCHRODER, JJ.

SCHRODER, Judge:

In this petition for review of a decision by the Workers' Compensation Board (Board), William Miller (Miller) contends that the Board erred in finding that he did not submit reports of two separate x-rays to support his claim for retraining incentive benefits (RIB) and further that the evidence compels a finding of coal workers' pneumoconiosis, entitling

him to a RIB. We disagree and therefore affirm.

Miller filed a RIB claim on March 31, 1994, along with interpretations of two separate x-rays—a March 31, 1994 x-ray read as 1/0 by Dr. Baker and a different x-ray taken March 31, 1994 read as 1/0 by Dr. Vaezy. Thus, Miller complied with KRS 342.316(2)(d)1., which requires the filing of two x-rays and their reports along with the claim form.

Instead of introducing either or both of these readings into evidence, Miller chose to introduce three interpretations of a single March 21, 1994 x-ray: a reading by Dr. Lane of 1/1; a reading by Dr. Myers of 1/0; and a reading by Dr. Vuskovich of 1/2. The employer submitted two negative interpretations, by Drs. Dahhan and Wiot, of a later x-ray. The prehearing conference was held September 14, 1994. The memorandum noted that Miller had submitted the reports of Drs. Myers, Vuskovich, and Lane, while the employer had submitted the reports of Drs. Wiot and Dahhan. There was no notation of the record's being held open for any reason.

In his Opinion and Order, the ALJ dismissed the RIB claim for a procedural as well as a substantive reason. While noting that he had jurisdiction to decide the claim, the ALJ ruled that by not submitting reports of two separate x-rays, Miller could not be awarded a RIB because his claim did not meet the requirements of KRS 342.732(1)(a). In addition, the ALJ found the claimant's evidence to be unconvincing and would not have awarded benefits even if he reached the merits of the claim.

Miller petitioned for reconsideration, stating that at the prehearing conference he had submitted an x-ray reading by Dr. Lane of Dr. Dahhan's x-ray. Therefore, he argued, since his claim complied with KRS 342.732(1)(a), the ALJ should reconsider his determination. The ALJ's order stated that the alleged reading by Dr. Lane was not in the ALJ's file.

The Board affirmed, noting that it was unable to find any indication in the record that the Dr. Lane's x-ray report had been filed at the prehearing conference or at any other time. The Board also interpreted

*Scorpio Coal Co. v. Harmon,* Ky., 864 S.W.2d 882 (1993) as allowing for correction of a jurisdictional defect but not a substantive one:

> In this case, Miller decided not to rely on the evidence which he filed with his initial application. Instead he decided to rely on one x-ray interpreted by three different physicians. This, in our opinion, does not meet the requirements set out in KRS 342.732(1)(a) and *Scorpio* which would enable the ALJ to give an award of retraining incentive benefits.

We must first state that having perused the entire record, there is no evidence whatsoever of the existence of the alleged x-ray report by Dr. Lane. The attorney should be more zealous in assuring that the evidence he wishes to submit at the prehearing conference is made part of the record.

We have recently ruled that the protection of *Scorpio* extends to situations in which the claimant has met the jurisdictional requirement of KRS 342.316(2)(d)1. but then submits into evidence more than two reports of two x-rays and is forced to choose, because of KRS 342.033, as amended April 4, 1994, only two reports to support his substantive claim. We held, in essence, that in fairness to the claimant, the ALJ should safeguard against the attorney's election of two reports of the same x-ray, thus precluding an award under KRS 342.732(1)(a). The present case is distinguishable from those situations because here, the claimant never introduced into evidence reports of two separate x-rays. Moreover, the ALJ did not enforce the new KRS 342.033, as he had every right to do, but considered all the x-ray interpretations submitted into evidence. Therefore, unlike the scenario in which we extended the reach of *Scorpio,* the denial of appellant's claim is due solely to his failure to submit ILO reports of two distinct x-rays. While the ALJ can exercise control over which x-rays a claimant decides to exclude from consideration, he has absolutely no power to ensure that a claimant introduces reports of two separate x-rays. A claimant's attorney must take at least this much responsibility for trying his case.

Accordingly, because the submitted claim was not supported by ILO reports of two separate chest x-rays, Miller was not entitled to an award pursuant to KRS 342.732(1)(a). Furthermore, as the ALJ is free to weigh the conflicting medical evidence, his finding the reports of the employer's physicians more credible is supported by substantial evidence. *Pruitt v. Bugg Brothers,* Ky., 547 S.W.2d 123 (1977). As the evidence is conflicting, a contrary finding is certainly not compelled. *Paramount Foods, Inc., Burkhardt,* Ky., 695 S.W.2d 418 (1985). Thus, the Board's decision is affirmed.

HOWERTON, J., concurs.

EMBERTON, J., concurs in result only.