# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 18, 2016
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2015-SC-000168-WC

ROBERT CORBETT                                                          APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                CASE NO. 2013-CA-001102-WC
WORKERS' COMPENSATION NO. 12-00930


MAKER'S MARK DISTILLERY;
HONORABLE WILLIAM RUDLOFF,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                              APPELLEES


## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Robert Corbett, appeals a Court of Appeals decision which affirmed a Workers' Compensation Board ("Board") opinion that vacated his workers' compensation award. Corbett argues that the Board usurped the fact finding role of the Administrative Law Judge ("ALJ") by vacating his award of total disability benefits. Corbett contends that there was sufficient evidence to support the ALJ's findings regarding the existence of a cumulative trauma injury and the assignment of a permanent impairment rating. For the below stated reasons, we affirm the Court of Appeals.

Corbett began his employment with Appellee, Maker's Mark Distillery, in 1987. For years, Corbett's primary job duties were those of a warehouse manager which required the filling and dumping of bourbon barrels weighing approximately 110 pounds each. In 2006, Corbett had a work-related accident where he fell approximately sixteen feet from a ladder. As a result of the fall, Corbett injured his wrist, pelvis, and lower back. Corbett received workers' compensation, and ultimately returned to his regular work activities.

In January 2012, Corbett suffered a second work-related incident which is the subject of this appeal. While removing barrels from a trailer, Corbett felt a "pulling" in his lower back and burning sensation in his left leg. Corbett reported the incident to his supervisor and office manager the next day. As time progressed, Corbett began to experience increased pain which he attributed to the work-related incident. Due to the pain, Corbett could no longer perform his normal employment duties as a warehouse manager and he was reassigned to work as a guard. Corbett was ultimately taken off work completely by his treating specialist on March 17, 2012.

As a part of his workers' compensation claim, Corbett underwent an independent medical examination ("IME") by Dr. Jerry Morris. Dr. Morris diagnosed Corbett with an acute strain of the lower back, lumbar radiuculopathy at L4-L5, aggravation of underlying disc joint disease, and degenerative disease associated with the subject work-injury. Dr. Morris did not believe that Corbett had reached maximum medical improvement ("MMI"). At Corbett's request, Dr. Morris answered a series of questions after making his

diagnosis. Pertinent to this appeal, Dr. Morris answered the questions set out below as follows:

> 2. Absent an injury history to the contrary, do you believe more likely than not that [Corbett's] work related injury brought the condition into a disabling reality. **Yes.**
> 3. Do you feel [Corbett] has reached medical maximum improvement? **No.**
> 4. In your medical opinion and based upon reasonable medical probability, what is [Corbett's] resulting degree of permanent partial functional disability or impairment according to the AMA *Guides* 5th Edition? **0**
> > (a) If you feel it appropriate to apportion a part of [Corbett's] resulting functional impairment to a pre-existing dormant condition, please identify and provide the percentage attributable to the pre-existing dormant condition. **10%. Marked change in pain and dysfunction with second injury.**
> > (b) If you feel it appropriate to apportion a part of [Corbett's] resulting functional impairment to a pre-existing active condition, how much and attributable to what active condition? **0%. Was fully function [sic] with pre-existing disease.**

(Emphasis added). Dr. Morris additionally opined that Corbett is not able to return to his pre-injury work duties.

Maker's Mark submitted the IME report of Dr. Thomas Loeb. He found that Corbett's degenerative changes were not related to his work-related injury. Dr. Loeb believed that Corbett only suffered from a temporary transient strain or lumbar spine sprain, was at MMI, and assigned him no impairment rating for the back injury. Maker's Mark also submitted an IME performed by Dr. Michael Best. Dr. Best found that Corbett reached MMI as of April 5, 2012.

After a review of the evidence, the ALJ entered an opinion and order finding that Corbett sustained a cumulative trauma injury to his low back as a result of activities performed while employed by Maker's Mark which

-3

manifested itself on March 17, 2012, his last day of employment. As a result of the cumulative trauma injury, the ALJ found Corbett was permanently and totally disabled with no pre-existing disability or impairment. The ALJ believed Corbett sustained a 10% impairment rating. The ALJ arrived at his conclusion by relying on the questionnaire Dr. Morris filled out.

Maker's Mark filed a petition for reconsideration which was denied. However, the ALJ did provide an additional finding that Corbett reached MMI on April 5, 2012, based on Dr. Best's opinion. Maker's Mark appealed to the Board.

The Board issued an opinion vacating Corbett's workers' compensation award. The Board found that the ALJ erred by finding that Corbett suffered a work-related cumulative trauma injury. Instead the Board believed the record indicated Corbett suffered a specific trauma injury while lifting the barrel. This conclusion was bolstered by the fact that the barrel lifting incident was quickly reported to Corbett's supervisors, indicating Corbett was aware a single traumatic injury occurred. The Board also noted that Dr. Morris, whom the ALJ relied upon, found that Corbett's symptoms were the direct result of the January 2012 work-related injury. Further, the Board found that the permanent total disability award was improperly awarded because Dr. Morris did not assign an impairment rating because he believed Corbett had not reached MMI. The Board believed that Dr. Morris's comment, where he stated Corbett had a 10% impairment rating for a dormant non-disabling condition, did not automatically indicate that he believed the condition was made active

4

by the work-related incident. Corbett appealed to the Court of Appeals who affirmed. This appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.*

Corbett first argues that the Board impermissibly substituted its findings for those of the ALJ. Corbett notes that the ALJ is the fact-finder and has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985). Accordingly, Corbett contends that once the ALJ found that a compensable work-related injury occurred it became irrelevant for the purposes of calculating benefits if it was an acute, traumatic, or cumulative injury. We disagree.

Whether a claimant has sustained a specific or cumulative injury affects the date that the injury is deemed to have occurred. The date on which the injury occurs affects the period of time in which notice should be provided and when the statute of limitations runs. Thus, it is important for the ALJ to

5

correctly determine whether the injury the claimant sustained is specific or cumulative. We note that in this matter, the Board did not state that no evidence a work-related injury occurred exists, but that the record does not support a finding that the injury was cumulative. The Board properly reviewed the ALJ's opinion and order.

Corbett next argues that the Board erred by finding there was insufficient evidence to support the assignment of a permanent impairment rating. Corbett argues that the ALJ did not abuse his discretion by assigning a 10% impairment to Corbett's pre-existing dormant condition based on Dr. Morris's questionnaire answer and Dr. Best's opinion regarding the date MMI was reached. Again we disagree.

Dr. Morris clearly stated that he assigned a 0% impairment at the time he provided his opinion because he did not believe Corbett had reached MMI. When Dr. Morris answered question 4(a) he only stated that 10% of any of Corbett's current impairment was attributable to a pre-existing dormant condition. This is not a total impairment rating upon which the ALJ may rely. The doctor's answer only indicates that once Corbett reaches MMI, Dr. Morris would find that 10% of his total impairment rating would be attributable to the pre-existing dormant condition. Thus, even though the ALJ was within his discretion to adopt Dr. Best's opinion that Corbett reached MMI on April 5, 2012, there is no impairment rating provided by any of the medical experts upon which a permanent total disability or permanent partial disability award

6

may be based. The Board correctly vacated and remanded this matter for further proceedings.

For the above stated reasons, we affirm the Court of Appeals.

All sitting. All concur.


COUNSEL FOR APPELLANT,
ROBERT CORBETT:

Charles E. Jennings


COUNSEL FOR APPELLEE,
MAKER'S MARK DISTILLERY:

Charles Patrick Fulton