# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 18, 2016
NOT TO BE PUBLISHED

**Supreme Court of Kentucky**

FINAL

2015-SC-000202-WC

DATE 3/10/16 Chasity Kittrell D.C.

CITY OF INDEPENDENCE                                                    APPELLANT

                    ON APPEAL FROM COURT OF APPEALS
V.                       CASE NO. 2014-CA-000230-WC
                    WORKERS' COMPENSATION NO. 12-00124

PHILLIP DUNFORD;
HONORABLE WILLIAM J. RUDLOFF,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                              APPELLEES

                    **MEMORANDUM OPINION OF THE COURT**

                                **AFFIRMING**

Appellant, City of Independence, appeals a Court of Appeals decision which affirmed a Workers' Compensation Board ("Board") opinion that vacated and remanded Phillip Dunford's workers' compensation award. Independence argues that the Board issued contradictory opinions regarding the evidence the Administrative Law Judge ("ALJ") could rely on and that the Court of Appeals erred in ruling that even if Dunford had a pre-existing condition which caused the entirety of his impairment rating he still could be entitled to future medical benefits. For the below stated reasons, we affirm the Court of Appeals.

Dunford was employed by Independence as a police officer when he slipped and fell in the police station parking lot. Prior to the work-related

accident, Dunford had a twenty-year history of lower back problems for which he was treated by chiropractors on numerous occasions. Dunford testified that the fall worsened his low back problems. He filed a Form 101 for workers' compensation benefits.

Prior to, and after the work-related accident, Dunford received treatment from Independence Chiropractic. After the accident, Dunford sought medical treatment with his family physician, Dr. Craig Sanders, who referred him to Dr. Michael Rohmiller. Dr. Sanders also ordered an MRI be performed on Dunford. Dr. Rohmiller referred Dunford to Dr. Justin Kruer for pain management which included radiofrequency ablations and epidural shots.

In support of his workers' compensation claim, Dunford submitted treatment records from Dr. Rohmiller and Dr. Kruer along with a lumbar MRI scan. Dr. Kruer diagnosed Dunford with lumbar disc degeneration with foraminal narrowing and facet arthropathy. Dr. Kruer found that the work-related fall caused Dunford's pre-existing low back problems to worsen. He determined that pursuant to the AMA *Guides*, Fifth Edition, Dunford "would fall under DRE lumbar Category II with an 8% impairment rating." Dr. Kruer later testified that he was not qualified to assess Dunford's impairment rating prior to the work-related injury.

In rebuttal, Independence submitted records from Independence Chiropractic showing Dunford's treatment prior to the work-related fall. Independence also submitted an independent medical examination report by Dr. Thomas Bender. Dr. Bender compared Dunford's chiropractic records from

2

before the work-related accident and after and found there were no interval changes in the physical examination findings. Dr. Bender diagnosed Dunford with longstanding structural spinal degenerative disease and history of protracted chiropractic care. He also noted the existence of a pelvic contusion and a potential sprain/strain of the lumbar spine due to the work-related accident. Dr. Bender concluded that Dunford had a pre-existing, active condition prior to the work-related accident and assessed a 5-8% impairment rating pursuant to the AMA *Guides*. In a supplemental report, Dr. Bender opined that Dunford had an 8% pre-existing active impairment before the work-related accident and that he does not qualify for any impairment rating or increase in impairment due to the fall.

The ALJ, after a review of the evidence, found that Dunford sustained a work-related injury which resulted in an 8% impairment rating. He also awarded Dunford the three multiplier pursuant to KRS 342.730(1)(c)1. Independence filed a petition for reconsideration requesting that the ALJ make a finding of fact as to whether Dunford actually retains the physical capacity to perform his pre-injury job and to provide the particular evidence of record upon which he relied to conclude Dunford would be unlikely to continue his current wage earning capacity for the indefinite future. Independence also argued that that the ALJ did not properly consider the records and deposition testimony of Dr. Kruer. The petition for reconsideration was denied without any review of the records or deposition testimony of Dr. Kruer. Independence appealed to the Board.

The Board vacated and remanded the ALJ's opinion and award for further findings of fact on whether Dunford had a prior active impairment. The Board held in regards to Dunford's prior active impairment rating:

> The ALJ's decision, as well as the order on reconsideration, is bereft of any discussion of the basis for his decision, other than making the above conclusory statement. We find it puzzling the ALJ notes his reliance upon the medical report of Dr. Kruer, which contains no discussion of whether Dunford's alleged pre-existing condition was symptomatic and impairment ratable pursuant to the AMA *Guides* immediately prior to [the work-related injury]. Likewise, Dr. Kruer testified by deposition he did not have an opinion as to whether Dunford qualified for an impairment rating prior to his fall since he was not privy to any of the records before he saw him.

On remand, the ALJ was ordered to consider Dr. Kruer's deposition testimony as well as the records from Dr. Bender. The Board opined that in regards to the existence of a pre-existing impairment, "The only medical opinion touching on this issue appears to be rendered by Dr. Bender in his August 15, 2012 and October 29, 2012 reports, who ultimately stated Dunford had an 8% active pre-existing impairment." The Board additionally held that the ALJ did not provide adequate support for awarding the three multiplier. No appeal was taken from the Board's opinion.

The ALJ issued a new Amended Opinion and Order on Remand which again did not satisfy the Board's directive. Independence appealed again to the Board which issued a second Opinion and Order Vacating and Remanding. The Board again found that the ALJ failed to consider Dr. Kruer's deposition testimony and the records of Independence Chiropractic. The Board stated:

> We decline Independence's invitation to declare there is not substantial evidence which would support a determination

4

Dunford did not have a prior active condition meriting an impairment rating. Dunford's testimony that he merely had intermittent problems off and on over twenty years which chiropractic care substantially alleviated and the pain he experienced after the injury is completely different, along with Dr. Kruer's August 17, 2012, letter and portions of his deposition testimony would constitute substantial evidence in support of a determination Dunford sustained a work-related injury which merited an impairment rating.

The Board pointed out that the fact that Dr. Kruer did not have any of Dunford's pre-injury records only went to the weight and not the admissibility of his opinion. The Board again found that the ALJ performed a faulty analysis regarding application of the multipliers and vacated an interlocutory order he issued awarding medical expenses.

Independence appealed to the Court of Appeals arguing that the Board's second opinion contradicted its first opinion. Independence argued that the Board's first opinion stated that the only relevant evidence regarding the existence of a prior active impairment was the opinion of Dr. Bender. Dr. Bender found that Dunford's impairment rating was entirely pre-existing and active when the work-related injury occurred. Independence then noted that the Board's second opinion stated that Dunford's testimony, Dr. Kruer's letter, and portions of Dr. Kruer's deposition testimony constituted evidence that would support a conclusion that not all of the 8% impairment was pre-existing and active. The Court of Appeals affirmed holding that the Board was not making a merit based factual finding or legal holding concerning the pre-existing condition in its opinions, but was only highlighting the evidence the ALJ could consider on remand. This appeal by Independence followed.

5

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985).

Independence's first argument is that the Board erred in its second opinion by stating that on remand the ALJ could rely on Dunford's deposition testimony and a certain letter and testimony by Dr. Kruer to find that Dunford suffered a work-related injury which merits an impairment rating. Independence states that by specifically highlighting this evidence, the Board contradicted its first opinion which stated that the ALJ should review Dr. Kruer's deposition testimony and Dr. Bender's records to determine whether any of Dunford's impairment rating was caused by pre-existing back injuries. The first opinion also noted that only Dr. Bender's opinion touched on whether Dunford had an active pre-existing impairment. We disagree.

6

The Board's first opinion remanded the matter to the ALJ for him to review the evidence which supports Independence's argument that Dunford had an active pre-existing impairment when he suffered the work-related injury. In so doing, the Board pointed out certain evidence that the ALJ needed to review and analyze in his new opinion, but did not mandate the ALJ reach a certain result. In the Board's second opinion, it noted that the ALJ again failed to provide an adequate review of the evidence, but again did not order that the ALJ make a certain decision. On remand, the ALJ is free to find that Dunford did or did not have an active pre-existing impairment. The key will be for the ALJ to provide a detailed analysis of the evidence in the record and an explanation for his decision.

Independence's other argument is that the Court of Appeals erred by making the following statement, "Even if, upon remand, Dunford is found to have a pre-existing condition, he would still be entitled to some future medical benefits." The Court of Appeals noted that this issue was found to be moot by the Board because it was the law of the case that Dunford did in fact suffer a work-related injury. Independence objects to the use of the word "would" because if the ALJ finds on remand that all of Dunford's current impairment rating is related to an active pre-existing condition, there could not be an award of future medical benefits. But as long as Dunford has a disability from the work-related injury he is entitled to medical treatments as warranted by the evidence. KRS 342.020(1). Furthermore "disability exists for the purposes of KRS 342.020(1) for so long as a work-related injury causes impairment,

regardless of whether the impairment rises to a level that it warrants a permanent impairment rating, permanent disability rating, or permanent income benefits." *FEI Installation, Inc. v. Williams*, 214 S.W.3d 313, 318-319 (Ky. 2007). On remand, we trust that the ALJ will review the record and base his decision regarding an award of future medical benefits on evidence of substance.

Thus, for the above stated reasons, we affirm the decision of the Court of Appeals.

All sitting. Minton, C.J.; Cunningham, Keller, and Venters, JJ., concur. Hughes, Noble, and Wright, JJ., concurs in result only.

COUNSEL FOR APPELLANT,
CITY OF INDEPENDENCE:

James Gordon Fogle
Derek Scott Monzon

COUNSEL FOR APPELLEE,
PHILLIP DUNFORD:

Larry Steven Shelton