# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MARCH 17, 2016
NOT TO BE PUBLISHED

**Supreme Court of Kentucky FINAL**

2015-SC-000406-WC

DATE 4-7-16 End Grouth, D.C.

LARRY SIZEMORE                                                    APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                          CASE NO. 2014-CA-002080-WC
WORKERS' COMPENSATION NO. 13-00464

T & T ENERGY;
HONORABLE WILLIAM J. RUDLOFF,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                       APPELLEES

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Larry Sizemore, appeals a Court of Appeals opinion which

affirmed a Workers' Compensation Board ("Board") decision that ordered his

workers' compensation award to be reversed and remanded to the

Administrative Law Judge ("ALJ") to dismiss the claim. Sizemore argues that

the Board erred by finding that he did not provide timely notice to his

employer, Appellee, T & T Energy, of his potential workers' compensation claim.

For the below stated reasons, we affirm the Court of Appeals.

Sizemore was employed by T & T as a dump truck operator. Several days

before April 2, 2012, Sizemore alleges that he suffered a work-related injury to

his neck. He alleges that the injury occurred when his co-workers improperly

dumped a large rock into the bed of his truck which caused him to be violently shaken and jarred. Sizemore later woke up with a pain or crick in his neck. An office note from Dr. Dustin Chaney, dated April 11, 2012, stated that Sizemore "was at work [on April 2, 2012, when] they dropped a large rock into his rock truck and he thought he stretched his neck out then." Dr. Chaney noted Sizemore had a diminished range of motion of the cervical spine and recommended physical therapy.

Sizemore complained to his supervisors that the bulldozer operators were not properly depositing the rock into the bed of his truck. However, the record is unclear as to whether these conversations occurred before or after the alleged incident. During a deposition, Sizemore provided the following testimony regarding the conversations between himself and his supervisors:

Q:	Did you report any injury to the company?

Sizemore:	No.

Q:	And who was your supervisor at the time?

Sizemore:	Robbie Collins. Now I reported often times that the loader people were not padding the bed of the truck with dirt before the [sic] threw in the big rocks so.

Q:	Do you know the last time you may have reported that?

Sizemore:	Times that I can verify I would have to get my phone to do that.

. . .

Q:	Did you ever report any type of injuries to the company?

Sizemore:	No, I reported often times that the loader man was hurting me.

2

Sizemore was laid off of work on April 11, 2012, for reasons unrelated to the work-related injury. Sizemore states that he gave written notice of his alleged injury to T & T on January 17, 2013. T & T denies receiving the notice. He filed for workers' compensation on March 28, 2013.

After a review of the evidence, the ALJ entered an opinion and order awarding Sizemore permanent total disability ("PTD") benefits for a neck injury occurring on April 2, 2012. T & T filed a petition for reconsideration which was denied and it appealed to the Board. The Board affirmed in part, vacated in part, and remanded the claim for further findings with respect to the issues of whether Sizemore gave timely notice and PTD benefits.

On remand, the ALJ again awarded Sizemore PTD benefits for a work-related injury occurring on April 2, 2012. Regarding the issue of notice, the ALJ stated the following:

> KRS 342.185 and KRS 342.190 require that notice of a work-related accident and a resulting injury be given to the employer as soon as practicable, but KRS 342.200 waives any inaccuracy in complying with the notice requirement unless it is shown that the employer was in fact misled [as] to [Sizemore's] injury thereby.
> I make the factual determination that after [Sizemore's] work-related accident and neck injuries on April 2, 2012, he told his supervisors, Robbie Collins and Tony Hamilton, that the loader employees were not padding the bed of his rock truck with dirt before they threw in the big rocks. I make the further factual determination that after his work-related injuries on April 2, 2012, [Sizemore] reported often times to his supervisors that the loader man was hurting him. I make the further factual determination that after his work-related injuries on April 2, 2012, [Sizemore] told [T & T's] safety man, John Gregory, that other employees were dumping those rocks on him. I make the factual determination that [Sizemore's] sworn testimony is strongly supported by the medical evidence from his treating physician, Dr. Chaney, who stated in his April 11, 2012 medical report that [Sizemore] came to

him for neck pain and that when he was at work they dropped a large rock into his rock truck and he thought he stretched his neck out then, and that he felt like he had a crick in his neck, which had been going on for a couple of weeks. [Sizemore] reported to Dr. Chaney that the range of motion in his neck was diminished and painful . . .

I make the factual determination that [Sizemore] thought that he gave due and timely notice of his work injuries to his supervisors and that if he failed to give actual notice to his supervisors, this was excusable under the mistake or other reasonable cause provision of KRS 342.200. I note that [T & T] did not introduce any live witnesses, either by deposition or at the Final Hearing, regarding any failure of notice on the part of [Sizemore]. I make the factual determination that any inaccuracy by [Sizemore] in complying with the notice requirement was not shown by any evidence on the part of [T & T] to indicate that it was misled or that it incurred any prejudice. I make the factual determination that it is very telling that [T & T] did not take the depositions of any of the three supervisors named by [Sizemore], Robbie Collins, Tony Hamilton, or John Gregory, and further that [T & T] did not present any of those individuals as live witnesses at the Final Hearing. In other words, [Sizemore's] testimony as to notice is absolutely uncontradicted. In other words, I make the factual determination that [Sizemore] gave due and timely notice of his work injuries to [T & T] as soon as practical after the happening thereof, as per KRS 342.185 and KRS 342.190, and that pursuant to KRS 342.200 that [T & T] waived any inaccuracy by [Sizemore] in complying with the notice requirement, in that [T & T] did not introduce any evidence showing that it was misled as to [Sizemore's] injury or that there was any prejudice to [T & T].

The ALJ did not make any further findings regarding his decision to award PTD benefits.

T & T appealed to the Board which again reversed the ALJ and remanded the matter with instructions to dismiss Sizemore's claim due to a lack of timely notice. The Board found that the ALJ's conclusion that Sizemore's conversations with his supervisors occurred after the alleged work-related incident was conjecture and noted that Sizemore testified that he never told them that he was injured. Thus, the Board found that Sizemore's notice,

4

provided at the earliest in January 2013, was not "as soon as practicable" and therefore untimely. The Court of Appeals affirmed, and this appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985).

KRS 342.185 requires that notice of a work-related accident be given to the employer, "as soon as practicable after the happening thereof." KRS 342.190 requires that the notice be given in writing, and must include the time, place, nature, and cause of the accident. The notice must also state the nature and extent of the injury. However, KRS 342.200 provides that:

> The notice shall not be invalid or insufficient because of any inaccuracy in complying with KRS 342.190 unless it is shown that the employer was in fact misled to his injury thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this chapter if it is shown that the employer, his agent or representative had knowledge of the injury or that the delay or failure to give notice was occasioned by mistake or other reasonable cause.

5

Sizemore does not argue that he complied with KRS 342.190, but that the conversations with his supervisors regarding the manner in which his co-workers loaded rock into his dump truck gave T & T sufficient notice that he suffered a work-related injury. Sizemore notes that the ALJ made the factual determination that he thought Sizemore gave due and timely notice of the work-related injury to his supervisors. Further, Sizemore points out that the ALJ concluded that it was "very telling" that T & T did not depose any of the supervisors, making the implication that T & T was hiding the contents of the conversations. We disagree.

Sizemore admits that he never informed T & T about the alleged work-related injury. Further, there is no evidence Sizemore had the alleged conversations with his supervisors after the work-related injury occurred. The mere fact that the supervisors did not testify does not indicate their statements would have been detrimental to T & T. The ALJ's conclusion that Sizemore provided proper notice is not supported by substantial evidence.

Additionally, KRS 342.200 does not save Sizemore's claim because there is no evidence that T & T was aware of the alleged injury until Sizemore provided written notice eight months[1] after the date of the incident and Sizemore does not present any indication that the failure to provide proper notice was due to a reasonable cause or mistake. Sizemore indicated to Dr. Chaney in April 2012 that he was injured by the improper dumping of rock into

---

[1] As noted above T & T argues it did not receive this written notice.

6

his truck and Dr. Chaney diagnosed Sizemore with diminished range of his cervical spine at that time. Sizemore gives no reason as to why he did not then provide notice to T & T of a potential work-related injury.

For the above stated reasons, we affirm the decision of the Court of Appeals.

All sitting. All concur.


COUNSEL FOR APPELLANT,
LARRY SIZEMORE:

McKinnley Morgan


COUNSEL FOR APPELLEE,
T & T ENERGY:

Katherine Michelle Banks

7