# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MAY 5, 2016
NOT TO BE PUBLISHED

Supreme Court of Kentucky

2015-SC-000382-WC

MARIA GARCIA                                                          APPELLANT


V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2014-CA-001315-WC
WORKERS' COMPENSATION NO. 10-69601


CENTRAL KENTUCKY PROCESSING, INC.;
HONORABLE JANE RICE WILLIAMS,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                           APPELLEES


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Appellant, Maria Garcia, appeals from a decision of the Court of Appeals which upheld the Administrative Law Judge's ("ALJ") finding that she earned a post-injury weekly wage equal to or greater than her average weekly wage ("AWW") at the time of her injury. Garcia argues that the reliance on *Ball v. Big Elk Creek Coal Co., Inc.*, 25 S.W.3d 115 (Ky. 2000), in determining how to calculate her post-injury weekly wage is misplaced because it dealt with a version of KRS 342.730(1)(c) which has since been amended. We disagree and affirm the Court of Appeals.

Garcia suffered a work-related injury to her left wrist and right shoulder while working for Appellee, Central Kentucky Processing, Inc. The parties

stipulated that Garcia's pre-injury AWW was $474.28 and that she does not retain the physical capacity to return to the type of work performed at the time of her injuries. Post-injury wage records were submitted for Garcia. For the first four quarters following her return to work, she earned an AWW of $458.05, $477.92, $445.68, and $431.49.

The ALJ entered an opinion and award finding that Garcia sustained a work-related injury and had a 10% permanent partial impairment. The ALJ found that since Garcia does not retain the physical capacity to return to the type of work she performed at the time of her injury, the three multiplier per KRS 342.730(1)(c)1 could apply to her award. The ALJ also found that Garcia earned a weekly wage which is the same or greater than her pre-injury wage, based on the quarterly post-injury AWW of $477.92, and thus the two multiplier per KRS 342.730(1)(c)2 could apply. After performing a *Fawbush v. Gwinn*, 103 S.W.3d 5 (Ky. 2003) analysis, the ALJ found that the two multiplier was the most appropriate and applied it to Garcia's award. Garcia appealed to the Workers' Compensation Board ("Board").

The Board reversed in part, vacated in part, and remanded the ALJ's opinion and award. The Board vacated the ALJ's decision to apply the two multiplier to Garcia's award because it found the ALJ utilized the incorrect standard under *Fawbush*. However, citing to *Ball*, 25 S.W.3d 115, the Board found that the ALJ was correct to find that Garcia earned an equal or greater weekly wage post-injury than she did pre-injury. Thus, on remand, the ALJ could still choose to apply the two multiplier after performing a proper

2

*Fawbush* analysis. Garcia appealed to the Court of Appeals arguing that the Board erred by relying on *Ball* to affirm the ALJ's findings regarding Garcia's post-injury weekly wage. The Court of Appeals affirmed and this appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985).

Garcia's sole argument is that the Board erred by relying on *Ball* as precedent for how to calculate her post-injury weekly wage. *Ball* provides that the General Assembly did not contemplate a weekly review of a worker's earnings when applying KRS 342.730(1)(c). 25 S.W.3d at 117. Instead, the legistature enacted KRS 342.140 as the method for determining a workers' earnings by computing an AWW. *Ball*, 25 S.W.3d at 117. Garcia believes that relying on *Ball* for this principle is incorrect because it deals with the 1996

3

version of KRS 342.730(1)(c)2 and not the current version which was enacted in 2000. We disagree.

The 1996 version of KRS 342.730(1)(c)2 provides:

*If an employee returns to work at a weekly wage equal to or greater than the average weekly wage at the time of injury,* the weekly benefit for permanent partial disability otherwise payable under paragraph (b) of this subsection shall be reduced by one-half (1/2) for each week during which that employment is sustained. During any period of cessation of that employment, temporary or permanent, for any reason, with or without cause, payment of weekly benefits for permanent partial disability during the period of cessation shall be restored to the rate prescribed in paragraph (b) of this subsection.

(Emphasis added). The current version of KRS 342.730(1)(c)2, enacted in 2000, states:

*If an employee returns to work at a weekly wage equal to or greater than the average weekly wage at the time of injury,* the weekly benefit for permanent partial disability shall be determined under paragraph (b) of this subsection for each week during which that employment is sustained. During any period of cessation of that employment, temporary or permanent, for any reason, with or without cause, payment of weekly benefits for permanent partial disability during the period of cessation shall be two (2) times the amount otherwise payable under paragraph (b) of this subsection. This provision shall not be construed so as to extend the duration of payments.

(Emphasis added).

It is clear that the 2000 amendment to KRS 342.730(1)(c)2 changed the purpose of the subsection. The 1996 version penalizes a worker for earning an equal or greater weekly wage post-injury by reducing his permanent partial benefits while being paid those wages. The 2000 version rewards the worker for returning to gainful employment and aids him via the two multiplier if, for some reason, he no longer earns the same or greater weekly wage. However,

4

while the amendment changed the effect on a claimant's workers' compensation benefit, the one constant is the language of the triggering element: "If an employee returns to work at a weekly wage equal to or greater than the average weekly wage at the time of injury." There is no indication that the General Assembly intended to change the method in which the worker's post-injury weekly wage is calculated. Indeed, since *Ball* has been rendered sixteen years ago, the legislature has not amended the Workers' Compensation Act to change the method for calculating the post-injury weekly wage. Thus, we agree with the Court of Appeals that *Ball* is still controlling and that KRS 342.140 is the proper statute to use when calculating weekly wages. Based on this, the Board did not err by finding that Garcia had returned to work at a weekly wage which was the same or greater than her pre-injury AWW based on the quarter where she earned an AWW of $477.92.

For the above stated reasons, we affirm the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT,
MARIA GARCIA:

Larry Duane Ashlock

COUNSEL FOR APPELLEE,
CENTRAL KENTUCKY PROCESSING, INC.:

Sherri Lynn Keller
Johanna Frantz Ellison