WESTERN BAPTIST HOSPITAL,
Appellant,

v.

Faye KELLY; Vonda Spradling, Acting Director of Special Fund; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Vicki G. NEWBERG, Acting Director of Special Fund, Appellant,

v.

Faye KELLY; Western Baptist Hospital; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Nos. 91–SC–570–WC, 91–SC–576–WC.

Supreme Court of Kentucky.

April 9, 1992.

Cathy Utley Costelle, Labor Cabinet, Louisville, for Acting Directors of Special Fund.

Charles David Walters, Boehl, Stopher, Graves & Deindoerfer, Paducah, for Western Baptist Hosp.

Charles A. Saladino, Paducah, for Kelly.

LEIBSON, Justice.

The Administrative Law Judge (ALJ) denied Faye Kelly's claim for disability benefits from a neck injury allegedly occurring May 31, 1985. The ALJ held that Ms. Kelly failed to sustain the burden of proving the work-relatedness of her injury.

Ms. Kelly appealed the ALJ's decision to the Workers' Compensation Board (WCB). In a 12–page opinion, after a careful review of the testimony introduced at the trial level, the WCB reversed and remanded, having concluded that in this particular case the question resolved itself to one of "causal relationship ... not readily apparent to a layman," dependent on "medical expertise with respect to causation," and that here the medical testimony establishing work-relatedness was "uncontradicted"

by any substantial evidence to the contrary. The WCB held:

"... the evidence thus becomes compelling, and the determination of the ALJ to the contrary is arbitrary and capricious requiring a reversal. *Special Fund v. Francis*, Ky., 708 S.W.2d 641 (1986)."

The employer, Western Baptist Hospital, and the Special Fund then appealed from the WCB to the Kentucky Court of Appeals. They claimed the Board erred in concluding the proof of a work-related injury was "uncontradicted" and "compelling."

Two neurosurgeons gave testimony establishing that Ms. Kelly had a herniated disc in her neck "causally related to the May 31, 1985 incident described by Kelly." The Board's ruling was challenged in the Court of Appeals on the basis of testimony from supervisory personnel at work that the injury was not immediately reported, and because there was testimony from a physician who saw Ms. Kelly when she was admitted to the hospital a few days after the work-related incident allegedly occurred, who stated that Ms. Kelly gave this particular doctor no history of any "recent accidents" to explain her neck pain. This evidence, claimed to justify the ALJ's ruling, was at best equivocal, because Ms. Kelly described her problem at work in terms of a strain that occurred while lifting a patient rather than an accident as the word might be commonly understood by a lay person. The Court of Appeals upheld the WCB in a 7–page opinion, all concurring, finding no error in the decision of the WCB that the medical evidence in the trial record regarding work-relatedness was "uncontradicted" and "compelling."

Unsatisfied with the results, the employer and Special Fund have pursued yet another appeal to this Court. They have the power to do so as a matter of right by reason of our decision in *Vessels v. Brown–Forman Distillers Corp.*, Ky., 793 S.W.2d 795 (1990). The appellants in the case before us assert as their sole issue that the WCB erred in its judgment call that the medical evidence of record was essentially uncontradicted and compelled a finding of work-relatedness, and that the Court of

Appeals in turn likewise erred in performing the same function a second time. The appellants called upon the Court of Appeals to "second guess" the WCB's view of the evidence, and now they call upon us to "third guess" both the WCB and the Court of Appeals on the same evidence.

In neither the second appeal to the Court of Appeals, or this third appeal to our Court, have the appellants succeeded in pointing to evidence *overlooked* by the WCB on the initial appeal. On the contrary, the sole question is deciding the reasonable inferences from the evidence. The second and third appeals do nothing more than debate the view of the evidence taken by the Board on the initial appeal.

The 1988 statutory restructuring of the Workers' Compensation Law intended appeal to the WCB to be the functional equivalent of appellate review in the Court of Appeals. *See* KRS 342.285–.290. These statutes worked fundamental changes. The ALJs were created and empowered to function the same as a trial court trying a case without a jury. The WCB was divested of the fact-finding function and restructured to carry out the same functions as an intermediate court reviewing the decisions of a court of original jurisdiction, to perform the error correcting function normally assigned to the Kentucky Court of Appeals, lacking only the power of constitutional review. The WCB has performed admirably in this task.

In *Vessels v. Brown–Forman Distillers Corp., supra,* because Ky. Const. § 115 specifies that "in all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court," we held that, notwithstanding the new statutory structure for appeals in workers' compensation cases, in every case the losing party in the Court of Appeals is entitled to appeal as a matter of right to the Kentucky Supreme Court. Thus our decision in the *Vessels* case spawns a threshold question in this case, an institutional question which needs to be addressed before undertaking a third appellate review of this case: what is our standard of review where the question before us is limited to resolving reasonable inferences from the evidence?

■ We recognize that the statutes enacted by the General Assembly were not intended simply to extend the appellate process by further review of the same material to decide questions regarding reasonable inferences from the evidence. The WCB is suppose to decide whether the evidence is sufficient to support a particular finding made by the ALJ, or whether such evidence as there was before the ALJ should be viewed as uncontradicted and compelling a different result. These are judgment calls. No purpose is served by second-guessing such judgment calls, let alone third-guessing them. Our Court must provide appeals where the Constitution so mandates, but in so doing we need not obstruct legislative intent unnecessarily, nor should we encourage multiple appeals of the same issue. With due regard for the constitutional mandate underlying the *Vessels* opinion, we intend to give effect to the policy of the General Assembly expressed through the 1986 statutes restructuring the workers' compensation system insofar as that policy can be accommodated consistent with constitutional limitations.

The 1986 Act intended to *streamline* the workers' compensation process and *expedite* review, and we will not apply it in a way that works the opposite result. The WCB and the Kentucky Court of Appeals are not way stations, or rest stops, along the road to the Kentucky Supreme Court. The parties in cases such as the present one must accept that, notwithstanding their right to *demand* further appellate review, the body performing further review is there to address new problems, not to redecide the same evidentiary questions.

■ The WCB is entitled to the same deference for its appellate decisions as we intend when we exercise discretionary review of Kentucky Court of Appeals decisions in cases that originate in circuit court. The function of further review of the WCB in the Court of Appeals is to correct the Board only where the the Court perceives the Board has overlooked or misconstrued

controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. The function of further review in our Court is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude. Our purpose in publishing this Opinion is to advise these parties, and everyone else involved in the workers' compensation process, that further review is so limited and they should proceed accordingly.

■ The present appeal fails to reach beyond the threshold for routine affirmance. The view taken by the WCB, affirmed in the Court of Appeals, may not be the only one possible, but it is not improbable. We accept that appellants' view of the evidence may be arguably better than that of the WCB based on the evidence from supervisory personnel that the claimant did not immediately report an accident at work and the evidence from a hospital physician that the claimant did not respond, when asked about "accidents," with information that she felt the onset of pain in the process of lifting a patient. Perhaps such evidence should be viewed as contradictory evidence justifying the conclusion of the ALJ, and perhaps not. It may be the ALJ was right and the WCB was wrong, even though the treating physicians testified unequivocally that the claimant's disability was work-related to the incident occurring May 31, 1985. But the fact remains that the Workers' Compensation Board and the Court of Appeals have provided adequate appellate review, and the view they took of the evidence is neither patently unreasonable nor flagrantly implausible. The case before us does not merit further appellate oversight.

Recently, in *Osborne v. Pepsi–Cola*, Ky., 816 S.W.2d 643, 647 (1991), we stated:

"When a medical opinion is based solely upon history, the trier of fact is not constricted to a myopic view focusing only on the physicians' testimony. Other testimony bearing on the accuracy of the history may be considered.... The reci-

tation of a history by a physician does not render it unassailable."

By this opinion we do not suggest that the testimony of attending physicians cannot be disproved by other evidence showing the medical history provided to them by the claimant was wrong. But here we are presented only with a debatable issue as to whether other evidence contradicts the medical evidence from the physicians on this point, and this debatable issue has already been fully debated and reasonably resolved. It merits no further consideration.

The decision of the Kentucky Court of Appeals, affirming the decision of the Workers' Compensation Board, is affirmed.

STEPHENS, C.J., and REYNOLDS and SPAIN, JJ., concur.

COMBS, J., concurs by separate opinion in which LAMBERT and WINTERSHEIMER, JJ., join.

COMBS, Justice, concurring.

I concur in the result, but write separately because I take issue with a number of statements contained in the majority opinion. In speaking of the parties' right of appeal to this Court, my learned colleague writes, "[t]hey have the power to do so as a matter of right by reason of our decision in *Vessels v. Brown–Forman Distillers Corp.*, Ky., 793 S.W.2d 795 (1990)." Ante at 686. The *Vessels* decision is the law of *that* case and nothing else. The employer and the Special Fund have the right to bring *this* appeal because the citizens of Kentucky gave them that right by adopting Section 115 of our constitution. The pertinent portion of that section is as follows:

In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court....

I also disagree with the following statement in the majority opinion:

The ALJs were created and empowered to function the same as a trial court trying a case without a jury. The WCB was divested of the *fact-finding function* and restructured to carry out the same functions as an intermediate court re-

viewing the decisions of a court of original jurisdiction.... Ante at 687. Even if that was the intention of the General Assembly, they, like us, are bound by our constitution and like us are sworn to support it. The people have constitutionally created a unified court system consisting of the district court, the circuit court, the Court of Appeals and the Supreme Court. The WCB is not a court. It is what it always was, an administrative tribunal.

KRS 342.285(2)(d) and (e) authorize the board to reverse the ALJ if the order, decision or award is "clearly erroneous on the basis of the reliable, probative and material evidence contained in the whole record," or if it is "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." KRS 342.290 gives the Court of Appeals in its review the same power that the new board has and "include[s] all matters subject to review by the board and also errors of law arising before the board and made reviewable by the rules of the Supreme Court...." Moreover, our own CR 52.01 envisions reversal where factual findings are clearly erroneous.

I see no reason or authority to limit the scope of our review, on a matter-of-right appeal. In order to reach today's result, we need only perform our appellate duty—review the record and determine whether the findings of the ALJ were clearly erroneous, giving due consideration to the reasoning of the ALJ, the WCB, and the Court of Appeals. Yet the majority unnecessarily, and in my view unwisely, states that the "function of further review in our Court is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." Ante at 688. Presumably as to all other issues the WCB and the Court of Appeals provide "adequate appellate review." Ante at 688. In entertaining the issue of clearly erroneous findings, we would not second-guess the fact-finder or the court below in Workers' Compensation cases any more than we do in other appeals where the sufficiency of evidence or similar issues are raised. But in confining our review so as to exclude this issue, we do label as second-rate a particular species of constitutionally guaranteed appeal. By implying that we will treat none but lofty issues, the majority diminishes that right of appeal, and in fact *creates* an issue of constitutional magnitude. By constitutional amendment the people gave the Supreme Court the power to promulgate rules of practice and procedure. It did not give us the power to make substantive law or to bypass the constitution.

LAMBERT and WINTERSHEIMER, JJ., join in this concurring opinion.