**Bobby MILLER, Appellant,**

v.

**EAST KENTUCKY BEVERAGE/PEPSI-CO, INC.; Hon. Lloyd R. Edens, Administrative Law Judge; Robert Spurlin, Director of Special Fund; and Workers Compensation Board, Appellees.**

No. 96–SC–0516–WC.

Supreme Court of Kentucky.

Sept. 4, 1997.

Miller Kent Carter, Branham & Carter, P.S.C., Pikeville, for Appellant.

Marcia L. Wireman, Jackson, for Appellee Pepsico.

Judith K. Bartholomew, Louisville, for Appellee Special Fund.

**WINTERSHEIMER, Justice.**

This appeal is from a decision of the Court of Appeals which affirmed a decision of the Workers' Compensation Board affirming the opinion of the Administrative Law Judge.

The questions presented are whether it is unconstitutional to allow the Board and the Commissioner not to have in place a set of guidelines or disability criteria by which the ALJs are to implement KRS 342.0011(11); whether the standard of review of substantial evidence and compelling evidence is constitutionally deficient; and whether the ALJ's decision must be reversed as a manifest injustice.

Miller injured his back in June 1993, while unloading cases of soft drinks for East Kentucky Beverage/Pepsico, Inc. The injury resulted in a herniated disc and aroused a degenerative lumbar disc disease. The ALJ found that he had a 28 percent permanent partial occupational disability. The Board and Court of Appeals both affirmed.

At the outset, we note that the arguments presented are largely moot because the Workers' Compensation system has been substantially changed by the General Assembly by legislation enacted in December 1996. In any event, Miller's constitutional challenges are without merit.

■ Miller first argues that the Workers' Compensation Act violates the equal protection guarantee of the 14th Amendment of the United States Constitution and the Prohibition Against Arbitrary Powers set out in Section Two of the Kentucky Constitution because there are not adequate guidelines to direct the different ALJs in making their decision. However, an equal protection argument would be applicable only if workers' compensation legislation treated a class of persons differently from another class. It does not apply to the individual adjudication of one particular claim. There is no equal protection violation here because all workers are treated the same and all must abide by the same rules promulgated under the Act.

■ Additionally, nothing in the processing of this claim denied Miller any elements required to protect his due process rights. He was afforded a hearing where he was

allowed to testify and was subjected to cross-examination. He had ample opportunity to present evidence and cross-examine the physicians who testified on behalf of the defendants. *See Kentucky Alcoholic Beverage Control Board v. Jacobs,* Ky., 269 S.W.2d 189 (1954).

Miller also contends that the regulations promulgated by the Commissioner are inadequate. However, the judicial and administrative review process of the ALJ's decision is complete and detailed to the point of being exhaustive. The right to review before the Board, the Court of Appeals and the Supreme Court provides more than adequate review.

Finally, Miller claims that overwhelming evidence compelled a finding that he had a greater disability than that awarded by the ALJ. However, the ALJ, as factfinder, has the sole authority to judge the weight, credibility and inferences to be drawn from the record. *Paramount Foods, Inc. v. Burkhardt,* Ky., 695 S.W.2d 418 (1985). The ALJ had substantial evidence on which he based his decision. Miller claims that a manifest injustice would be done if the ALJ's decision is not reversed, citing *Durham v. Copley,* Ky., 818 S.W.2d 610 (1991). Miller's reliance on *Durham, supra,* is misplaced. There is no indication in this case that new evidence has been discovered which would have altered the ALJ's decision. There was no manifest injustice.

The opinion of the Court of Appeals is affirmed.

All concur.