# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MAY 5, 2016
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000322-WC

JOHNNIE BROWN                                                                APPELLANT

|   |   |
|---|---|
| V. | ON APPEAL FROM COURT OF APPEALS<br>CASE NO. 2014-CA-001751-WC<br>WORKERS' COMPENSATION NO. 13-76990 |

THE WILLOWS AT HAMBURG;
HONORABLE JEANIE OWEN MILLER,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                                  APPELLEES

## MEMORANDUM OPINION OF THE COURT

## <u>AFFIRMING</u>

Appellant, Johnnie Brown, appeals a Court of Appeals decision which affirmed an opinion of the Workers' Compensation Board ("Board") that affirmed in part and reversed in part an opinion and award by the Administrative Law Judge ("ALJ"). Brown argues that the ALJ erred by relying on portions of contradictory expert opinions to select an impairment rating for her low back injury. For the below stated reasons, we affirm the Court of Appeals.

Brown was employed by Appellee, The Willows of Hamburg, as a certified nursing assistant ("CNA"). As Brown and another assistant lowered a resident from a bed into a wheelchair, she felt a pop in her back. Brown stated that she

immediately experienced pain and that her left leg felt as though it was about to give out. Brown was unable to complete her shift and was taken to an urgent treatment center. She has not returned to work since.

Brown was treated by Dr. Jerry Morris, an osteopath. He assessed Brown with: a work-related strain of the low back and left hip; persistent pain in the low back radiating into the left lateral thigh in the L4-S1 dermatome, likely radiculopathy; persistent tenderness in the left sciatic notch, left trochanteric bursa and tensor fascia lata muscle of the left thigh, with left piriformis muscle syndrome; and deranged gait due to left lower extremity pain. Dr. Morris did not believe that Brown could return to work as a CNA because of her inability to bear weight, her need for crutches, and the sedating medications she takes. He referred Brown to Dr. Oliver James, II, a pain specialist. Dr. James performed an x-ray of Brown's spine and left hip. He also reviewed an MRI that Brown previously underwent and noted that her lumbar spine appeared normal. He noticed there was no documentation of the facet joints.

Brown filed a Form 101 alleging she injured her left hip, left leg, and the left side of her back as a result of the work-related incident. The medical records from Dr. Morris and Dr. James were filed, as well as reports from several experts. Brown filed the independent medical evaluation ("IME") performed by Dr. Anthony McEldowney. He diagnosed her with left lumbar sprain/strain, and left greater trochanteric bursitis. Dr. McEldowney opined that Brown had a permanent 10% whole person impairment. He apportioned

7% of that rating for a work-related lumbar condition and 3% for a work-related left hip condition. Dr. McEldowney found that Brown reached maximum medical improvement ("MMI") and recommended she be placed on permanent restrictions.

In response, the Willows filed the IME of Brown performed by Dr. Phillip Corbett. Dr. Corbett x-rayed Brown's lumbar spine and found minimal evidence of degenerative changes. He diagnosed Brown with: exogenous obesity, degenerative joint disease involving both hips, and left greater trochanter bursitis and sprain of the gluteus maximus, tensa fascia lata, and gluteus medius, left buttock, as well as contusion of those muscles. Dr. Corbett assigned Brown a 0% impairment for any injury to her lumbar spine and 0% regarding her lower extremities.

After a review of the evidence, the ALJ found, based on Dr. Morris's opinion, that Brown suffered a work-related low back strain and left hip injury. In regards to Brown's impairment rating and benefits, the ALJ made the following findings:

> Having found that [Brown] suffered a work injury, the undersigned finds [she] has suffered a permanent partial disability as a result of the work injury. The medical opinions as to impairment are contradictory. Dr. Corbett opined [Brown] had no impairment. Dr. McEldowney opined she suffers from a total of 10% whole body impairment. He assigned 7% to the lumbar spine and 3% to chronic trochanteric bursitis. After a comprehensive review of the medical evidence in this case, I find [Brown] suffered an injury that resulted in 3% impairment due to chronic trochanteric bursitis – but I do not find she has permanent impairment as it relates to the lumbar spine. For this opinion I rely on Dr. Corbett and Dr. McEldowney's opinion(s) as well as the medical records of Dr. Morris and Dr. James. I found the diagnostic testing did not support [Brown's] position that she has permanent lumbar spine

3

impairment. The result of these findings and applying the 3% impairment rating to the AMA grid\factor per KRS 342.730, is that [Brown] retains 1.95% Permanent Disability Rating.

The ALJ awarded Brown total temporary disability and permanent partial disability benefits enhanced by the three multiplier because she found that Brown could not return to work as a CNA. The ALJ also awarded Brown medical benefits as may be required for the cure and relief of her left hip condition. The opinion and award was silent as to whether Brown was entitled to medical benefits for her low back strain.

Brown filed a petition for reconsideration arguing that the ALJ erred by relying on Dr. Morris's opinion to find that she suffered a low back strain, but then adopting Dr. Corbett's assigned permanent impairment rating of 0% because he did not believe she suffered a low back injury. Brown contended that the ALJ could not rely on both doctors' opinions regarding the low back injury because they reached opposite conclusions on its existence. The ALJ denied the petition for reconsideration, emphasizing that she had the authority to accept some and disregard other portions of an expert witness's testimony when fact finding.

The Board affirmed the ALJ's findings regarding the impairment rating for the low back injury. However, the Board *sua sponte* vacated in part and remanded the matter for the ALJ to make a finding on whether Brown is entitled to medical benefits for the low back injury. The Court of Appeals affirmed and this appeal followed.

4

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985). Similarily, the ALJ has the sole authority to judge all reasonable inferences to be drawn from the evidence. *Miller v. East Kentucky Beverage/Pepsico, Inc.*, 951 S.W.2d 329 (Ky. 1997). The ALJ may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or same adversary party's total proof. *Magic Coal Co. v. Fox*, 19 S.W.3d 88 (Ky. 2000).

Brown argues that the ALJ erred by relying on Dr. Corbett's opinion regarding the impairment rating assigned to her lumbar spine because he believed that she did not have a work-related low back injury. Brown argues that it is contradictory and illogical for the ALJ to find she sustained a work-related low back strain, but then adopt the impairment rating assigned by a

5

doctor who did not believe that injury occurred. However, as previously stated, the ALJ has the discretion to choose what parts of the evidence she believes. Here the ALJ believed that Brown did suffer a low back strain based on Dr. Morris's opinion, but did not suffer permanent damage to her spine. Thus, the ALJ found that Dr. Corbett's assigned impairment rating properly reflected the permanent condition of Brown's lumbar spine. She found Corbett's opinion persuasive due to the medical records of Dr. Morris and Dr. James. The ALJ also noted that diagnostic testing did not indicate there was a permanent impairment to Brown's spine. The ALJ's findings are supported by substantial evidence and shall not be disturbed on appeal.

We note that Brown cites to the unpublished case of *Taubensee Steel & Wire Co. v. Saum*, 2012-CA-002077-WC (Ky. App. 2013), to support her argument that the ALJ could not rely on Dr. Corbett's impairment rating. In that case, the ALJ found that the claimant was entitled to permanent partial disability for post traumatic stress disorder ("PTSD"). However the Court of Appeals reversed because there was insufficient evidence that the PTSD constituted a permanent impairment. The ALJ based his decision that claimant had reached MMI on only one doctor's opinion who did not believe the claimant suffered from the alleged psychological injury and opined that any bonafide psychiatric symptoms the claimant had could improve with treatment. In the present matter, the ALJ reviewed all of the evidence and found, based on prior medical records and Dr. Corbett's opinion that the 0% permanent impairment rating was the most appropriate to assign Brown for her lumbar

spine. The ALJ rejected Dr. McEldowney's finding of a permanent impairment rating based on the record and this was within her discretion. *Saum,* as an unpublished Court of Appeals opinion, is not persuasive and does not dictate a different result be reached in this matter.

For the above stated reasons, we affirm the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT,
JOHNNIE BROWN:

James Delano Howes

COUNSEL FOR APPELLEE,
THE WILLOWS AT HAMBURG:

Aziza Hanna Ashy