RENDERED: NOVEMBER 2, 2017
TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2017-SC-000031-WC

DATE 11/27/17 Kim Redmon, DC

TOYOTA MOTOR MANUFACTURING,                                    APPELLANT
KENTUCKY, INC.

ON APPEAL FROM COURT OF APPEALS
V.                          CASE NO. 2015-CA-001762
WORKERS' COMPENSATION NO. 06-WC-94736

KATHY PRICHARD; HONORABLE WILLIAM                              APPELLEES
J. RUDLOFF, ADMINISTRATIVE LAW
JUDGE; AND WORKERS' COMPENSATION
BOARD

**OPINION OF THE COURT BY JUSTICE VENTERS**

**AFFIRMING**

Toyota Motor Manufacturing, Kentucky, Inc., appeals from an opinion of

the Court of Appeals which affirmed the decisions of the Workers'

Compensation Board (Board) and the Administrative Law Judge (ALJ) holding

that the claimant, Kathy Prichard, was entitled to reopen her workplace injury

claim almost seven years after her initial award of workers' compensation

benefits, but within four years of a subsequent order granting her additional

disability benefits. As grounds for relief Toyota contends that (1) Prichard's

motion to reopen was barred by the four-year limitation period contained in

KRS 342.125(3); and (2) Prichard failed to demonstrate through objective

medical evidence a change in her disability indicating a worsening of her impairment as required for reopening a claim under KRS 342.125(1)(d).

For the reasons stated below we affirm the opinion of the Court of Appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2007, Prichard filed a claim with the Department of Workers' Claims contending that, on March 16, 2005, she had sustained an injury to her neck while working as an assembly line employee at Toyota's Georgetown factory. As a result of her injury, Prichard was diagnosed with a cervical strain and degenerative disc disease in her neck area. On November 13, 2007, the ALJ approved an award of permanent partial disability benefits based upon a permanent impairment rating of eight percent. Prichard returned to work but left after a few months due to continuing pain resulting from the original injury. In an effort to alleviate Prichard's problem, in August 2008, Dr. James Bean performed surgery to fuse four of Prichard's cervical vertebrae.

In April 2009, well within the four-year limitation period, Prichard filed a motion to reopen her 2007 award on the basis that her injury and the resulting impairment had worsened. In September 2011, the ALJ determined that Prichard was not totally disabled, but that her permanent partial disability rating had increased from eight percent to twenty-eight percent, based upon testimony indicating that Prichard could still perform sedentary work and that she suffered from non-work-related conditions.

2

Prichard continued to suffer pain, headaches, and impairment attributed to her initial work-place injury. After further evaluation, Dr. Bean concluded in April 2014 that Prichard's condition had further deteriorated in that she had "an essentially immobile neck that would be unable to sustain routine neck movements in an employed position for a full day's work." Dr. Bean concluded that Prichard was unable to return to even sedentary work. Dr. Bean imposed additional restrictions on Prichard's physical movements as a result of his revised medical conclusions.

On August 12, 2014, based upon Dr. Bean's latest evaluation, Prichard moved to reopen the 2011 award. At the hearing, Prichard testified that the pain in her neck had increased and her cervical range of motion had decreased since her first award. She stated that she had last worked in 2008.

In addition to Prichard's testimony and the record of her extensive medical history, the ALJ considered evidence from Dr. Bean, from Prichard's primary care physician since 1999, Dr. William Childers, and from Toyota's expert medical witness, Dr. Timir Banerjee. Dr. Childers largely concurred with Dr. Bean's determination that Prichard was unable to perform even sedentary work because of her chronic pain and her need for strong pain-relieving medications. In opposition to Prichard's motion, Dr. Banerjee concluded that Prichard's condition had remained unchanged with an impairment rating of eight percent since he first examined her in 2009.

On May 20, 2015, the ALJ entered an opinion and award, concluding that as a result of the further deterioration of Prichard's work-related cervical

3

condition, she was totally disabled. The ALJ based his decision, in part, upon what he described as the "persuasive, compelling and reliable" medical evidence. The Board and the Court of Appeals subsequently affirmed the ALJ's decision. This appeal followed.

## II. STANDARD OF REVIEW

"An award or order of the administrative law judge . . . shall be conclusive and binding as to all questions of fact . . . ." KRS 342.285(1). Accordingly, as the statutorily assigned fact-finder in this proceeding, the ALJ has the sole authority to determine the quality, character, and substance of the evidence. *Square D Co. v. Tipton*, 862 S.W.2d 308, 309 (Ky. 1993) (citation omitted). Similarly, the ALJ has the sole authority to judge the weight and inferences to be drawn from the evidence. *Miller v. East Kentucky Beverage/Pepsico, Inc.*, 951 S.W.2d 329, 331 (Ky. 1997) (citation omitted). As the fact finder, the ALJ "may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof." *Magic Coal v. Fox*, 19 S.W.3d 88, 96 (Ky. 2000) (citation omitted).

When reviewing a decision of the Board, we will affirm, absent a finding that the Board has misconstrued or overlooked controlling law or has so flagrantly erred in evaluating the evidence that a gross injustice has occurred. *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-688 (Ky. 1992).

4

## III. THE REOPENING WAS AUTHORIZED UNDER KRS 342.125(3)

Except in circumstances not applicable in this case, KRS 342.125(3) provides that "no claim shall be reopened more than four (4) years following the date of the original award or order granting or denying benefits." Toyota contends that because Prichard's original workers' compensation award occurred in 2007, her 2014 motion to reopen was time-barred by the four-year limitation period stated in KRS 342.125(3). Toyota's interpretation of the statutory language depends upon the assumption that the adjective "original" pertains to the entire phrase, "award *or* order granting or denying benefits." (Emphasis added.) This Court manifestly rejected that interpretation in *Hall v. Hospitality Resources, Inc.*, 276 S.W.3d 775 (Ky. 2008).

In *Hall*, we explained that, based upon the use of the language in other provisions of KRS 342.125, the legislature recognized an "original award" as something separate and distinct from a subsequent "order granting or denying benefits" and intended to allow a four-year period for the reopening of an order granting or denying benefits. 276 S.W.3d at 784-785. We need not repeat the analysis here. It suffices to say, that we are not persuaded that our decision in *Hall* misinterpreted or misstated the legislative intent of KRS 342.125(3).

Moreover, we cannot fail to observe that several legislative sessions have come and gone in the nine years since *Hall* was rendered, and the legislature has not acted to amend the statute. "[T]he failure of the legislature to change a known judicial interpretation of a statute [is] extremely persuasive evidence of the true legislative intent. There is a strong implication that the legislature

5

agrees with a prior court interpretation of its statute when it does not amend the statute interpreted." *Rye v. Weasel*, 934 S.W.2d 257, 262 (Ky. 1996) (citation omitted). Accordingly, we reiterate that when an order granting or denying workers' compensation benefits has been entered subsequent to the date of the original award, the four-year limitation period prescribed by KRS 342.125(3) for reopening the claim is calculated from the later date, rather than from the original award.

Toyota argues that even if *Hall* was correctly decided, factual differences distinguish this case from *Hall* and, therefore, compel a different result in the application of KRS 342.125(3). We acknowledge those factual differences. They pertain to the nature of the injury for which the original award in each case was made. The claimant in *Hall* was awarded temporary total disability benefits. "[G]iven the fact that Hall was still receiving [temporary total disability] benefits and had not reached [maximum medical improvement] by the time the four-year limitation allegedly ran, she could not have made the *prima facie* showing as is required upon the filing of a motion to reopen prior to its alleged expiration date." 276 S.W.3d at 781. Here, Prichard was not hampered by that circumstance. But the obstacles Hall faced in altering her disability benefits played no role in our interpretation of the statute in *Hall.* The obstacles merely illustrated an injustice arising from the alternative interpretation of KRS 342.125(3)—the interpretation now favored by Toyota. Indeed, KRS 342.125(3) has no language that would authorize us to adopt one interpretation of the statute for claimants in Prichard's situation and another

6

interpretation for claimants situated as in *Hall.* Toyota's analysis of KRS 342.125(3) does not offer arguments beyond those we considered and rejected in *Hall.*

In summary, we conclude that Prichard's 2014 motion to reopen the 2011 order granting benefits was timely filed within the four-year period provided by KRS 342.125(3).

### IV.  THE REOPENING WAS AUTHORIZED UNDER KRS 342.125(1)(d)

Toyota also claims that Prichard failed to meet the burden imposed by KRS 342.125(1)(d) for reopening her claim by demonstrating a "[c]hange of disability as shown by objective medical evidence of worsening or improvement of impairment due to a condition caused by the injury since the date of the award or order."[1] The company also argues that the ALJ decided the question based upon medical evidence which predated the 2011 opinion and award.

We are unpersuaded by Toyota's arguments because recent "objective medical evidence" was, in fact, presented to support the ALJ's finding of a worsened impairment of a condition caused by her work-related injury. The updated medical conclusions of Dr. Bean and Dr. Childers supported the conclusion that Prichard's condition had worsened from partial disability to total disability between the dates of the original award and the first reopening, and from then until the filing of the second reopening. The ALJ expressly

---

[1] KRS 342.125(1) provides four grounds for reopening a claim but only subsection (d) is applicable here. The other grounds for reopening, (a) fraud, (b) newly-discovered evidence which could not have been discovered with the exercise of due diligence, and (c) mistake, have not been invoked here.

7

referenced the determinations of Dr. Bean and Dr. Childers, describing it as "the persuasive, compelling and reliable medical evidence." Crucially, both doctors clearly stated that the onset of Prichard's inability to perform even sedentary work occurred *after* the 2011 order.[2] These updated expert professional determinations by Dr. Bean and Dr. Childers manifestly qualify as "objective medical evidence of [the] worsening" of "a condition caused by the injury since the date of the award or order."

To be sure, Dr. Bean did indeed reference, and therefore, we may presume his conclusions were influenced by, a functional capacity evaluation which predated the 2011 ALJ opinion and award. Toyota criticizes the use of this information as constituting medical evidence of a change in Prichard's condition. However, this was just one aspect of Dr. Bean's overall evaluation of Prichard's changing physical impairment, and it is not unusual for a thorough physician to make use of prior medical evaluations in a later evaluation setting. The bottom line, however, is that the previous proceeding established a twenty-eight percent impairment rating under which Prichard could continue to work in a sedentary work environment, whereas later medical evidence supported the ALJ's finding of a subsequent onset of total disability, characterized by Prichard's inability to perform even sedentary work. Substantial evidence supports the ALJ's determination that objective medical evidence was present to support the reopening.

---

[2] The 2011 order concluded Prichard's *partial* disability had increased but rejected her claim that she had, by then, become totally disabled.

8

We are mindful that Dr. Banerjee expressed the opinion that no objective change in Prichard's impairment occurred. Given the sufficiency of the evidence presented by Drs. Bean and Childers, Dr. Banerjee's opposing view constitutes merely a battle of the experts, the resolution of which is properly left to the ALJ as the individual privileged to view first-hand the totality of the evidence and the credibility of witnesses. *Square D. Co.*, 862 S.W.2d at 309 ("Where, as here, the medical evidence is conflicting, the question of which evidence to believe is the exclusive province of the ALJ."). The existence of conflicting medical evidence in the record, by itself, does not render the ALJ's decision erroneous.

## V. CONCLUSION

For the foregoing reasons the decision of the Court of Appeals is affirmed.

All sitting. Minton, C.J.; Cunningham, Hughes, Keller, and Wright, JJ., sitting. All concur. VanMeter, J., not sitting.

COUNSEL FOR APPELLANT:

Kenneth J. Dietz
Emily Walters
Lucas & Dietz, PLLC

COUNSEL FOR APPELLEE KATHY PRICHARD:

Roy Church Gray III
331 St. Clair Street
Frankfort, KY 40601

9

COUNSEL FOR APPELLEE HON. WILLIAM J. RUDLOFF, ADMINISTRATIVE LAW JUDGE:

William J. Rudloff
Administrative Law Judge


COUNSEL FOR APPELLEE WORKERS' COMPENSATION BOARD:

Dwight Taylor Lovan
Executive Director
Office of Workers' Claims