RENDERED:  FEBRUARY 11, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1164-WC

TYSON FOODS, INC. D/B/A EQUITY
GROUP – KENTUCKY DIVISION,
LLC                                                                      APPELLANT


                                    PETITION FOR REVIEW OF A DECISION
v.                          OF THE WORKERS' COMPENSATION BOARD
                                        ACTION NO. WC-20-96835


PAUL CHAPLIN; HONORABLE
THOMAS GEORGE POLITES,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                                     APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, GOODWINE, AND L. THOMPSON, JUDGES.

GOODWINE, JUDGE:  Tyson Foods, Inc. d/b/a Equity Group – Kentucky

Division, LLC ("Tyson") appeals a decision of the Workers' Compensation Board

("the Board") holding the Administrative Law Judge ("ALJ") properly awarded

Paul Chaplin ("Chaplin") temporary total disability ("TTD") benefits from March 9, 2020 to April 6, 2020. Finding no error, we affirm.

The Board summarized the pertinent facts as follows:

[Chaplin] was injured in a MVA [motor vehicle accident] on January 21, 2020 while driving his truck hauling chicken feed for Tyson. He suffered injuries to multiple body parts including his back, face, head, and teeth. He received medical treatment at Vanderbilt University, where he was hospitalized for four days. Before he could return to work, he was required to pass a CDL [commercial drivers' license] physical examination. Chaplin stated he failed the first examination because his blood pressure was evaluated. He stated, 'My back was hurting so bad that it had my blood pressure up, so she failed me for four weeks, but April the 6th I went back to –back to see her and she passed me.' He then returned to driving a truck for Tyson on April 6, 2020, but he continued to experience a lot of pain. . . .

Chaplin treated at Vanderbilt University Hospital on January 21, 2020. Chaplin was diagnosed with multiple rib fractures, a T12 compression fracture, L1 compression fracture, L1 and L2 transverse process fractures, and broken teeth. Chaplin was discharged on January 25, 2020[.]

Dr. Frank Burke performed an independent medical evaluation ("IME") on May 18, 2020. Dr. Burke diagnosed a complex back injury with additional injuries at the sacrum/sacrococcygeal area, and facial injuries with mastication issues. Dr. Burke stated Chaplin had reached maximum medical improvement ("MMI") and assigned a 40% impairment rating consisting of 6% for the compression fracture at T12, 37% for the lumbar spine, and 5% for impaired mastication, pursuant to the 5th Edition of the American Medical Association, Guides to the Evaluation of Permanent Impairment, ("AMA

-2-

Guides"). Dr. Burke noted Chaplin had returned to work with reported pain. Dr. Burke recommended Chaplin follow up with his treating physician to determine future treatment options. Dr. Burke felt Chaplin should not lift, push, or pull any significant amount of weight on a repetitive basis.

Dr. J. Rick Lyon performed an IME on October 8, 2020 and prepared a report dated November 5, 2020. Dr. Lyon noted Chaplin had returned to working full duty. Dr. Lyon expected Chaplin would experience difficulty performing more than a light duty job. Dr. Lyon expected Chaplin would not reach MMI until 12 to 18 months post injury.

Dr. Lyon testified by deposition on November 17, 2020. He again stated Chaplin was not at MMI. Dr. Lyon noted that the range of motion model would be used to rate Chaplin's spinal injury because of the multi-level fractures. He indicated it takes 12 to 18 months following the injury to reach a baseline for pain and range of motion. He noted there had been some improvement in range of motion from the time of Dr. Burke's evaluation.

In a supplemental report dated March 16, 2021, Dr. Lyon indicated he had re-evaluated Chaplin to determine an impairment rating on February 15, 2021. He assigned a 37% whole person impairment rating pursuant to the AMA Guides, with 5% attributable to the thoracic spine and 34% attributable to the lumbar spine. He opined Chaplin is permanently restricted to a sedentary to light-duty job.

. . .

> In regard to MMI, [Chaplin] argues that he did not reach MMI until April 6, 2020 at which time he returned to work. [Tyson] paid TTD from January 21, 2020 to

March 9, 2020 in the form of a check issued on April 9, 2021 which was received by [Chaplin] on April 15, 2021. The most credible testimony regarding MMI comes from Dr. Burke who placed [Chaplin] at MMI on May 18, 2020. However [Tyson] returned to work on April 6, 2020. Given these facts, it is determined that [Chaplin] reached MMI on May 18, 2020 but is entitled to payment of TTD benefits to April 6, 2020, the date he returned to work.

Record ("R.") at 571-73. Both parties submitted petitions for reconsideration. The ALJ granted the petitions, in part, on grounds unrelated to this appeal. Tyson appealed to the Board, arguing the ALJ erred in awarding TTD benefits through April 6, 2020 because Chaplin was released to return to work on March 9, 2020. The Board affirmed the ALJ's decision, finding it was supported by substantial evidence.

This appeal followed.

The ALJ, as "fact finder has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence." *Holcim v. Swinford*, 581 S.W.3d 37, 39 (Ky. 2019) (citation omitted). The ALJ may reject any testimony and believe or disbelieve various parts of the evidence. *Id.* Furthermore, "[t]he function of further review of the [Board] in the Court of Appeals is to correct the Board only where the . . . Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an

-4-

error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). "[W]here the party with the burden of proof was successful before the ALJ, the issue on appeal is whether substantial evidence supported the ALJ's conclusion." *Holcim*, 581 S.W.3d at 39 (citation omitted). "Substantial evidence means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Id.*

The sole issue on appeal is whether substantial evidence supports the ALJ's award of TTD benefits from March 9, 2020 to April 6, 2020. Tyson alleges the ALJ erred by relying on Chaplin's testimony that his high blood pressure, which prevented him from passing his first Department of Transportation examination, was attributable to his injuries where there was no reliable expert testimony supporting this assertion.

There is substantial evidence in the record supporting the ALJ's decision. The question before the ALJ was not the cause of Chaplin's high blood pressure but when he reached MMI. Temporary total disability is defined as "the condition of an employee who has not reached maximum medical improvement from an injury and has not reached a level of improvement that would permit a return to employment[.]" KRS 342.0011(11)(a). Under this statute, an employee is entitled to TTD benefits until he either reaches MMI or returns to work.

Herein, the ALJ considered testimony from Dr. Burke and Dr. Lyon regarding when Chaplin reached MMI. On May 18, 2020, Dr. Burke determined Chaplin had reached MMI and released him to return to work. On October 8, 2020, Dr. Lyon determined Chaplin had not yet reached MMI and opined that it would take twelve to eighteen months for Chaplin to reach a baseline for pain and range of motion. The ALJ was convinced by Dr. Burke's testimony and found Chaplin reached MMI on May 18, 2020. However, because Chaplin returned to work on April 6, 2020, the ALJ awarded him TTD benefits until that date. Because substantial evidence supports this determination, we find no error.

Based on the foregoing, the decision of the Workers' Compensation Board is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jo Alice Van Nagell
Brian W. Davidson
Lexington, Kentucky

BRIEF FOR APPELLEE PAUL CHAPLIN:

Mark D. Knight
Somerset, Kentucky