RENDERED: APRIL 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0917-WC

JASMINKA SUCUR                                                           APPELLANT

v.
                   PETITION FOR REVIEW OF A DECISION
                   OF THE WORKERS' COMPENSATION BOARD
                   ACTION NO. WC-15-01453

JCIM; HONORABLE STEPHANIE
LETITIA KINNEY,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

CALDWELL, JUDGE: Jasminka Sucur ("Sucur") petitions for review of a

Workers' Compensation Board ("WCB") opinion affirming the resolution of a

medical fee dispute by an Administrative Law Judge ("ALJ"). We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In 2015, Sucur filed an application for resolution of an injury claim. She alleged she had suffered injuries to her shoulders, arms, and hands from repetitive job duties while working as an assembly line laborer at JCIM.

In 2016, an ALJ rendered two interlocutory opinions and orders. The ALJ determined that Sucur had proven a work-related injury: right carpal tunnel syndrome. But he rejected her allegations of other work-related injuries to her arms, shoulders, and elbows and concluded her left-side carpal tunnel syndrome was not work-related. Finding that she was not yet at maximum medical improvement ("MMI"), he did not issue a final award and order.

In May 2017, Sucur underwent surgery including a right carpal tunnel release. (The surgeon also operated on her right elbow during the same surgery.) After being off work to recover and undergoing physical therapy, Sucur returned to work in or around September 2017.

In February 2018, Sucur had an appointment with the hand surgeon. According to the surgeon's notes, Sucur reported having symptoms coming back two months beforehand so she had been placed on restrictions. The notes also state that her symptoms had been improving since she was on restrictions and list diagnoses including "Resolved R CTS s/p release" (Administrative Record

("A.R.") p. 844) – presumably referring to right carpal tunnel syndrome being resolved after (status post) the release surgery.

In early 2018, JCIM indicated it was contesting its responsibility to pay for medical treatment for any other conditions besides the right carpal tunnel syndrome and for: "Continued right upper extremity[1] treatment of any nature, including treatment by hand specialty orthopedic surgeon after February 5, 2018 (date of last known Dr. Ozyurekoglu office visit) and any future physical therapy." (A.R., p. 873.) It filed a medical fee dispute (Form 112) in May 2018 – attaching utilization review notices of denial in which Dr. Michael Nicoson expressed opinions that continuing evaluation and treatment by a hand surgeon and physical therapy were not medically reasonable and necessary for Sucur's right carpal tunnel condition.[2]

In July 2018, Sucur's employment was terminated. In 2019, Sucur obtained an independent medical evaluation from Dr. Jules Barefoot. Dr. Barefoot

---

[1] *Upper extremity* is defined as: "The upper limb, including the shoulder, arm, forearm, wrist and hand." THE FREE DICTIONARY, https://medical-dictionary.thefreedictionary.com/upper+extremity. (Last visited Feb. 22, 2022.)

[2] In September 2017, Dr. Nicoson opined that physical therapy and "current treatments" by Sucur's hand surgeon were not medically reasonable and necessary to treat her right carpal tunnel syndrome. (A.R., p. 882.) Dr. Nicoson opined in January 2018 that further treatment and evaluation by a hand surgeon were not medically reasonable or necessary for the right carpal tunnel syndrome – but he did not explicitly address physical therapy in that opinion. Apparently Sucur went to physical therapy from May to September 2017 but was no longer going to physical therapy in early 2018. Dr. Nicoson indicated, however, that Sucur's use of an anti-impact glove was "medically necessary and appropriate for the treatment of the right carpal tunnel syndrome work injury . . . ." (A.R., p. 880.)

noted in his report that Sucur suffered from carpal tunnel syndrome on both the left and right sides, as well as elbow problems. He opined that Sucur's impairment from these conditions was completely work-related and that all treatment she had received so far was medically reasonable and necessary for her workplace injury. He recommended a referral to a hand surgeon to consider further treatment.

In 2020, Sucur's case was reassigned to another ALJ. The new ALJ issued an opinion, order, and award in August 2020 after a hearing and briefing.

Like the first ALJ, this ALJ determined that the right carpal tunnel syndrome was the only work-related injury – noting she found the opinion of university evaluator Dr. Gregory Gleis particularly persuasive.[3] She awarded Sucur permanent partial disability benefits and recovery of medical expenses for the right carpal tunnel syndrome. The ALJ rejected Sucur's allegations of permanent total disability and determined that other conditions – including left carpal tunnel syndrome and elbow problems – were not work-related.

Sucur filed a motion for reconsideration. She argued that the ALJ provided insufficient analysis of the medical evidence and that the opinions of Dr. Gleis from 2016 and 2017 were no longer timely. The ALJ denied the motion. In

---

[3] Both ALJs referred to Kentucky Revised Statute ("KRS") 342.315 which provides in pertinent part: "Except as otherwise provided in KRS 342.316, the clinical findings and opinions of the designated evaluator shall be afforded presumptive weight by administrative law judges and the burden to overcome such findings and opinions shall fall on the opponent of that evidence." KRS 342.315(2).

her written order, the ALJ found Dr. Gleis's December 2017 report (based on evaluating Sucur in November 2017) timely because Sucur reached MMI in September 2017. Sucur then appealed to the WCB.

Upon appeal, the WCB affirmed the ALJ's opinion, award, and order except for vacating in part and remanding for the ALJ to rule on the pending medical fee dispute. On remand, the ALJ stated the dispute was resolved in the defendant's (JCIM's) favor. The ALJ briefly discussed the reports of Drs. Gleis, Barefoot, and Nicoson. She found it was not clear whether Dr. Barefoot's recommendation for a referral to a hand surgeon related solely to the right carpal tunnel condition or to other conditions which were found to be non-work-related.

The ALJ noted Dr. Nicoson's opinion that an anti-impact glove was appropriate treatment but that further treatment by a hand specialist orthopedic surgeon was not medically necessary. The ALJ expressly found the "previous" and/or 2018 referral to the hand surgeon not medically reasonable or necessary for the work-related right carpal tunnel syndrome (Remand Opinion attached to Petition for Review, p. 2.) But she stated that Sucur: "remains entitled to reasonable and necessary treatment for her compensable right carpal tunnel syndrome." (Remand Opinion, p. 3.) Neither party sought reconsideration.

Sucur appealed to the WCB, which affirmed the ALJ.

## STANDARD OF REVIEW

The Court of Appeals reviews WCB decisions to determine if the WCB "has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

## ANALYSIS

Sucur states in her brief that the ALJ's opinion on remand appears to, at least arguably, "rule out any future treatment by any orthopedic hand specialist or physical therapy." (Petition for Review, p. 10.) And she asserts: "As a matter of law, it is error to prospectively limit future related medical expenses for the right carpal tunnel condition." (Petition for Review, p. 9) (emphasis omitted). However, other than a cursory reference to KRS 342.020 in the introduction to her brief,[4] she cites no legal authority to support her arguments. She suggests the ALJ's opinion was ambiguous or confusing to apply.

Before addressing whether the WCB erred in affirming the ALJ's remand opinion, we take note of what the remand opinion does and does not actually say. The ALJ's concise opinion on remand begins by noting that JCIM's medical fee dispute contested "continued treatment by a hand specialty orthopedic

---

[4] *See* page 4 of petition for review: "The Appellant is entitled to the reasonable and necessary medical treatment per KRS 342.020 . . . ."

-6-

surgeon, continued right upper extremity treatment, including, but not limited to, physical therapy." (Remand Opinion, p. 2.)

The ALJ had earlier determined that the right carpal tunnel syndrome was the only work-related injury, which the WCB affirmed in its earlier opinion – for which neither party filed a petition for review. Upon remand for resolution of the pending medical fee dispute, the ALJ stated she was resolving this dispute in the defendant's (JCIM's) favor. And she found the previous and/or 2018 referral to a hand surgeon not medically reasonable or necessary for the compensable right carpal tunnel condition – instead finding the referral was needed only to address non-work-related conditions.

Notably, the ALJ did not explicitly and specifically address whether physical therapy was medically reasonable or necessary for the right carpal tunnel condition. But she generally stated that Sucur was entitled to "reasonable and necessary treatment for her compensable right carpal tunnel syndrome." (Remand Opinion, p. 3.) She also generally stated she was resolving the medical dispute (which was somewhat broad as filed) in JCIM's favor. But the only aspect of treatment which the ALJ specifically found not medically reasonable or necessary for the work-related right carpal tunnel condition was the previous and/or 2018

referral to the hand surgeon.[5]  One could argue the ALJ's opinion did not expressly rule out any future treatment – including by a hand surgeon – at all.

Better practice would have been to bring any ambiguities or lack of findings on specific issues in the ALJ's opinion to her attention through a motion for reconsideration, clarification, or further findings.[6]  Nonetheless, based on our review of the record and applicable law, we perceive no reversible error in the WCB's affirming the ALJ's actual findings and decision.

**No Reversible Error in WCB's Affirming ALJ's Findings and Decision**

As the WCB noted, some medical evidence at least arguably supports Sucur's argument that continuing treatment by a hand surgeon was reasonable and necessary for the work-related right carpal tunnel syndrome – specifically, Dr. Barefoot's testimony.  But other medical evidence supports the ALJ's finding that

---

[5] Arguably the WCB may have over-stated the extent of the ALJ's findings.  *See* WCB Opinion, p. 1:  "The ALJ found Sucur's continuing medical treatment by a hand specialty orthopedic surgeon is not medically reasonable or necessary."  However, the WCB ultimately affirmed the ALJ's remand opinion without disturbing any part of it.  And we perceive no error in the WCB's affirmance of the ALJ's remand opinion.

[6] Although not addressed in the parties' briefs to this Court, the WCB certainly took note of the lack of a petition for reconsideration of the remand opinion.  In fact, it stated that when no petition for reconsideration is filed:  "inadequate, incomplete, or even inaccurate fact-finding on the part of an ALJ will not justify reversal or remand if there is substantial evidence in the record supporting the ALJ's ultimate conclusion."  (WCB Opinion, p. 8 (citing *Eaton Axle Corp. v. Nally*, 688 S.W.2d 334 (Ky. 1985) and *Halls Hardwood Floor Co. v. Stapleton*, 16 S.W.3d 327 (Ky. App. 2000))).  We express no opinion on the merits of this quoted statement, since we affirm based simply on the ALJ's factual findings being supported by substantial evidence and the lack of overwhelming evidence compelling findings in Sucur's favor.

a referral to a hand surgeon was not medically reasonable and necessary for the right carpal tunnel syndrome.

For example, Dr. Gleis opined in his December 2017 report that a referral to a hand surgeon was not medically reasonable and necessary for the work-related right carpal tunnel syndrome – which he viewed as resolved by the carpal tunnel release surgery. And he saw any need for treatment of elbow problems as unrelated to her work-related right carpal tunnel condition. Similarly, Dr. Nicoson opined in September 2017 and in January 2018 that further treatment by a hand surgeon was not medically reasonable and necessary for the right carpal tunnel condition after the carpal tunnel release surgery.

Though Dr. Barefoot did not similarly opine that further treatment by a hand surgeon was not medically reasonable or necessary for the right carpal tunnel condition in his 2019 report, he discussed other diagnoses which the ALJ determined to be non-work-related. And though Dr. Barefoot recommended a referral to a hand surgeon to consider further treatment, Dr. Barefoot's report did not specifically state that a referral to a hand surgeon was medically reasonable and necessary solely to address the right carpal tunnel condition.

Based on the conflicting evidence here (including Dr. Barefoot's report), perhaps another fact-finder could have found a referral to a hand surgeon medically reasonable and necessary for the right carpal tunnel condition. But the

ALJ had the sole authority to judge the weight and credibility of, and to make reasonable inferences from, the evidence in the record. *Miller v. East Kentucky Beverage/Pepsico, Inc*., 951 S.W.2d 329, 331 (Ky. 1997).

Given the conflicting medical evidence here, we discern no reversible error in the WCB's concluding that substantial evidence supported the ALJ's findings and not concluding that overwhelming evidence compelled different findings in the claimant's favor. *See generally Wilkerson v. Kimball International, Inc*., 585 S.W.3d 231, 236 (Ky. 2019). As the WCB succinctly explained, the ALJ discussed the conflicting medical evidence about any need for continued hand specialist treatment for the right carpal tunnel condition and properly set forth her reasoning and factual findings – which the WCB found to be supported by substantial evidence.

Kentucky precedent makes clear that an ALJ has the sole authority to judge the weight and credibility of the evidence presented – including conflicting medical evidence regarding the work-relatedness, reasonableness, and necessity of medical treatment. *See, e.g.*, *Brown-Forman Corp. v. Upchurch*, 127 S.W.3d 615, 621 (Ky. 2004); *Square D Co. v. Tipton*, 862 S.W.2d 308, 309 (Ky. 1993).

The WCB lacked the authority to: "substitute its judgment for that of the administrative law judge as to the weight of evidence on questions of fact[.]" KRS 342.285(2). The scope of the WCB's review is limited though the WCB has

authority to determine if: "The order, decision, or award is clearly erroneous on the basis of the reliable, probative, and material evidence contained in the whole record[.]" KRS 342.285(2)(d). In turn, the Court of Appeals' review of WCB opinions, especially concerning its evidentiary assessments, is also extremely limited. *Kelly*, 827 S.W.2d at 687.

Sucur did not even argue in her brief that the WCB overlooked or misconstrued any specific controlling statutes or precedent. *See id.* at 687-88. And we are not obligated to research or construct parties' arguments for them. *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005). Furthermore, based on our review of the record, we do not perceive that the WCB "committed an error in assessing the evidence so flagrant as to cause gross injustice. " *Kelly*, 827 S.W.2d at 688. Thus, we affirm.

## CONCLUSION

For the foregoing reasons, we affirm.

ALL CONCUR.


BRIEF FOR APPELLANT:

Ched Jennings
Louisville, Kentucky

BRIEF FOR APPELLEE:

Denise Kirk Ash
Lexington, Kentucky