RENDERED:  JULY 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0364-WC

AARON DAVIS                                APPELLANT


                PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
               ACTION NOS. WC-16-80953 AND WC-18-00206


CENTRAL BRIDGE; DANIEL
CAMERON, KENTUCKY
ATTORNEY GENERAL;
HONORABLE JOHN H.
MCCRACKEN, ADMINISTRATIVE
LAW JUDGE; AND KENTUCKY
WORKERS' COMPENSATION
BOARD                                        APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

CLAYTON, CHIEF JUDGE:  Aaron Davis ("Davis") appeals from an opinion of

the Workers' Compensation Board (the "Board") affirming the benefits awarded

by the Administrative Law Judge ("ALJ").  As the Kentucky Supreme Court has

recently rejected the constitutional challenges posited by Davis in this appeal, we affirm the Board's opinion.

## FACTUAL AND PROCEDURAL HISTORY

Davis was struck in the head with a sledgehammer by his supervisor on May 26, 2016, while working as a laborer for Central Bridge. Davis received treatment for his injuries and brought a claim under the Workers' Compensation Act. On January 14, 2019, the ALJ found Davis permanently totally disabled. Accordingly, the ALJ awarded Davis permanent total disability and medical benefits.

Davis appealed the ALJ's order to the Board, arguing that the 2018 amendment to Kentucky Revised Statute ("KRS") 342.730(4), terminating his benefits at the age of 70, as well as its retroactive application, were unconstitutional. On February 14, 2020, the Board affirmed the ALJ's order, holding that Davis had failed to properly preserve his constitutional argument as he had failed to provide the Attorney General with the required notice pursuant to KRS 418.075. Even if Davis had preserved the issue, the Board stated that it was without jurisdiction to decide the statute's constitutionality. This petition for review followed.

However, at the request of the Kentucky Attorney General, this Court held the matter in abeyance pending decisions of the Kentucky Supreme Court in

*Cates v. Kroger*, 627 S.W.3d 864 (Ky. 2021), and *Dowell v. Matthew's Contracting*, 627 S.W.3d 890 (Ky. 2021). Following the rendition of those opinions, the Court permitted the parties additional time to file supplemental briefs. While supplemental briefs were filed on behalf of Central Bridge and the Attorney General, no additional materials were filed on behalf of Davis.

## ANALYSIS

### a. Standard of Review

This Court's standard of review in workers' compensation appeals is well-settled in the Commonwealth. "The function of further review of the [Board] in the Court of Appeals is to correct the Board only where [the] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

### b. Discussion

On appeal, Davis argues that the ALJ erred in finding that his award was subject to the current version of KRS 342.730(4) by applying it retroactively, as doing so violated the Contracts Clause of the United States and Kentucky Constitutions and constituted an exercise of arbitrary power. In addition, he argued that the ALJ erred in finding he had not preserved his arguments. Alternatively, Central Bridge and the Attorney General argue that the ALJ

correctly applied the current version of KRS 342.730(4) to Davis's award based on the relevant caselaw.

As amended on July 14, 2018, KRS 342.730(4) provides:

> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

In *Holcim v. Swinford*, the Supreme Court established that the amended version of KRS 342.730(4), regarding the termination of benefits at age seventy (70), applied retroactively to all claims not fully adjudicated before July 14, 2018. 581 S.W.3d 37, 44 (Ky. 2019).

Additionally, as previously discussed, while this petition for review was pending, the Kentucky Supreme Court rendered two other opinions addressing the current version of KRS 342.730(4). In *Cates*, the Kentucky Supreme Court rejected the argument that retroactive application of the amended version of KRS 342.730(4) violated the Equal Protection Clauses of the Kentucky and United States Constitutions or created an arbitrary class of litigants. 627 S.W.3d at 871-72 (footnotes omitted). Similarly, the Court in *Dowell* rejected the argument that the retroactive application of the amended version of KRS 342.730(4) violated the

-4-

Contracts Clauses of the Kentucky and United States Constitutions. 627 S.W.3d at 898.

The decisions in *Holcim*, *Cates*, and *Dowell* are binding precedent and directly apply to the issues Davis raises in this appeal. This Court must follow such applicable precedent pursuant to Supreme Court Rule ("SCR") 1.030(8)(a) ("The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."). Accordingly, because Davis's injury occurred after 1996 and his award of benefits is still being litigated, the 2018 amendment to KRS 342.730(4) controls in this case. Based on our holding, we need not address the preservation issue.

## **CONCLUSION**

For the foregoing reasons, we affirm the Board's opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Stephanie N. Wolfinbarger
Louisville, Kentucky

BRIEFS FOR APPELLEE CENTRAL
BRIDGE:

Ward Ballerstedt
Lyn Douglas Powers
Louisville, Kentucky

BRIEF FOR APPELLEE DANIEL
CAMERON, ATTORNEY
GENERAL:

Matthew F. Kuhn
Brett R. Nolan
Alexander Y. Magera
Frankfort, Kentucky