# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED:  FEBRUARY 24, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0016-WC


ECLIPSE COLLIERIES, INC.                                                          APPELLANT


V.                          ON APPEAL FROM COURT OF APPEALS
                                          NO. 2020-CA-0716
                           WORKERS' COMPENSATION BOARD
                           NOS. WC-17-72455 & WC-17-79404


JOEY TACKETT; HONORABLE GRANT                                      APPELLEES
ROARK, ADMINISTRATIVE LAW JUDGE;
AND KENTUCKY WORKERS'
COMPENSATION BOARD


**MEMORANDUM OPINION OF THE COURT**

**<u>REVERSING AND REMANDING</u>**

The sole issue on appeal concerns the retroactivity of amendments to

KRS[1] 342.040(1) regarding a change in interest rate on past-due benefits from

12% to 6% for workers' compensation orders or settlements occurring after the

effective date of the amendment to the Act, which was June 29, 2017.  In this

case, the Administrative Law Judge (ALJ) entered an order on January 13,

2020 awarding claimant Joey Tackett partial disability benefits for his May 23,

2017 injury, with interest at 12% on all past-due amounts up to June 28, 2017

and at 6% on all past-due amounts from June 29, 2017 to the present.  The

---

[1] Kentucky Revised Statutes.

employer, Eclipse Collieries, Inc., petitioned the ALJ to correct its order to reflect that per KRS 342.040(1), past-due interest prior to June 28, 2017 shall be paid at 6%. The ALJ denied its petition. Eclipse Collieries appealed to the Board, which affirmed the ALJ, as well as to the Court of Appeals, which also affirmed. This appeal followed.

Since the filing of this appeal, this Court has resolved the issue at hand in *Martin v. Warrior Coal, LLC*, wherein we held that KRS 342.040(1)'s reduction in interest rate on past-due income benefits applied retroactively and that all income benefits due but unpaid prior to the effective date of the amendment were subject to the 6% interest rate. 617 S.W.3d 391 (Ky. 2021). The parties at bar agree that *Warrior Coal* is controlling and that the interest rate due Joey Tackett on his past-due benefits is 6%.

The function of this Court "is to correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687–88 (Ky. 1992). "Our standard of review in workers' compensation claims differs depending on whether we are reviewing questions of law or questions of fact." *Miller v. Tema Isenmann, Inc.*, 542 S.W.3d 265, 270 (Ky. 2018). With respect to questions of law, an appellate court reviews *de novo* a decision of the Board or ALJ regarding proper interpretation of the law or its application to the facts. *Id.* (citation omitted).

Here, the Court of Appeals erred as a matter of law in concluding that an award of 12% interest was due on all past-due benefits from the date of injury through June 28, 2017 and 6% on benefits thereafter. Accordingly, we reverse and remand this case with instructions for the ALJ to enter an order in accordance with this Opinion.

Minton, C.J.; Conley, Hughes, Keller, Nickell and VanMeter, JJ., sitting. All concur. Lambert, J., not sitting.

COUNSEL FOR APPELLANT:

Sarah May
Jones & Jones, PLLC

COUNSEL FOR APPELLEE,
JOEY TACKETT:

McKinnley Morgan
Morgan, Collins, Yeast & Salyer

ADMINISTRATIVE LAW JUDGE:

Hon. Grant S. Roark

WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey, Chairman