RENDERED:  APRIL 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth Of Kentucky

# Court of Appeals

NO. 2018-CA-0641-WC

MARY ANN LEE                                                          APPELLANT


                        PETITION FOR REVIEW OF A DECISION
v.                      OF THE WORKERS' COMPENSATION BOARD
                        ACTION NO. WC-10-00770


FOUR STAR BLASTING MATS;
UNINSURED EMPLOYERS' FUND;
HONORABLE R. ROLAND CASE,
ADMINISTRATIVE LAW JUDGE;
KENTUCKY WORKERS' COMPENSATION
BOARD; AND KENTUCKY ATTORNEY
GENERAL                                                              APPELLEES


                            OPINION
                            AFFIRMING

                        ** ** ** ** **

BEFORE:  LAMBERT, MAZE, AND K. THOMPSON, JUDGES.

LAMBERT, JUDGE:  Mary Ann Lee has petitioned this Court for review of the

March 30, 2018, decision of the Workers' Compensation Board related to the

application of Kentucky Revised Statutes (KRS) 342.730(4) to her award of permanent total disability benefits. Based upon the Supreme Court of Kentucky's decisions in *Cates v. Kroger*, 627 S.W.3d 864 (Ky. 2021), and *Dowell v. Matthews Contracting*, 627 S.W.3d 890 (Ky. 2021), we affirm.

Lee began working for Four Star Blasting Mats in April 2004 as a machine operator/laborer. On May 12, 2010, Lee (then aged 33) severely injured her hands in the course and scope of her employment. Her hands were crushed, causing her to lose her right hand and her left thumb. She immediately reported her injury, and she filed an application for resolution of her injury claim on July 12, 2010. As Four Star Blasting Mats did not have workers' compensation insurance, the Uninsured Employers' Fund (UEF) was added as a party. Following the filing of proof and a hearing, the Administrative Law Judge (ALJ) entered an opinion, award, and order on October 18, 2016, finding that Lee had been permanently, totally disabled by the loss of use of her hands as a result of the work injury. In addition to medical expenses, the ALJ awarded Lee permanent, total disability income benefits (PTD) with a 30% enhancement for a safety violation for a total for a total of $262.47 per week from the date of her injury "until [Lee] reaches normal retirement age." The ALJ noted that Lee raised an issue as to the constitutionality of KRS 342.730(4) as it applied to her claim, which the ALJ did not have the jurisdiction or authority to address.

Lee appealed the ALJ's decision to the Workers' Compensation Board (the Board). She sought review based upon the Supreme Court of Kentucky's holding in *Parker v. Webster County Coal, LLC (Dotiki Mine)*, 529 S.W.3d 759 (Ky. 2017), in which that Court found the limitation of benefits at social security retirement age in the 1996 version of KRS 342.730(4) to be unconstitutional. She also argued that she should not be subject to the tier-down provision contained in the 1994 version of that statute. In an opinion entered March 30, 2018, the Board vacated in part and remanded the ALJ's award, holding that the award of income benefits had been subject to the 1996 version of KRS 342.730(4), which the Supreme Court had declared to be unconstitutional in *Parker*, *supra*, as it violated the equal protection clause. Therefore, the Board vacated the portion of the ALJ's award that awarded PTD benefits from the date of injury until Lee reached normal retirement age, and it remanded Lee's claim for the entry of an award of PTD benefits subject to the tier-down provision in the 1994 version of KRS 342.730(4). This petition for review followed.

This Court's standard of review in workers' compensation appeals is well-settled in the Commonwealth. "The function of further review of the [Board] in the Court of Appeals is to correct the Board only where [the] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or

committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

After the Board entered its opinion, the General Assembly again amended KRS 342.730(4), which now provides:

> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

The amendment was approved on March 3, 2018, and had an effective date of July 14 of that year. The current version of the statute includes a Legislative Research Commission Note, which provides in relevant part as follows:

> Subsection (3) of Section 20 of that Act reads, "Subsection (4) of Section 13 [KRS 342.730(4)] of this Act shall apply prospectively and retroactively to all claims: (a) For which the date of injury or date of last exposure occurred on or after December 12, 1996; and (b) That have not been fully and finally adjudicated, or are in the appellate process, or for which time to file an appeal has not lapsed, as of the effective date of this Act."

Lee argues that the retroactive application of the 2018 amendment to KRS 342.730(4) is unconstitutional as it negatively affects the amount of income benefits she is entitled to receive. She argues that because her rights had become

fixed and vested on the date of her injury, the General Assembly's retroactive change to a contract in derogation of her rights violated the contracts clause of the United States Constitution and the Kentucky Constitution, citing *Maze v. Board of Directors for Commonwealth Postsecondary Education Prepaid Tuition Trust Fund*, 559 S.W.3d 354 (Ky. 2018).

This appeal was placed into abeyance to permit the Supreme Court of Kentucky to determine the constitutionality of the 2018 version of the statute. In *Cates v. Kroger*, *supra*, and *Dowell v. Matthews Contracting*, *supra*, the Supreme Court did so and upheld both its constitutionality and its retroactive application.

In *Cates*, the Supreme Court set forth the legislative and legal history of the amendments to KRS 342.730(4) to provide a context to its analysis:

> Before we undertake our analysis, we review for context two of our recent holdings addressing the General Assembly's efforts to establish an outer limit on the receipt of workers' compensation income benefits. In *Parker v. Webster County Coal, LLC*, a majority of this Court invalidated the 1996 version of KRS 342.730(4). That statute read:
>
>> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee qualifies for normal old-age Social Security retirement benefits under the United States Social Security Act, 42 U.S.C. secs. 301 to 1397f, or two (2) years after the employee's injury or last exposure, whichever last occurs.

The majority in *Parker* found the statute unconstitutional for two reasons: (1) the statute created an arbitrary classification because the benefit cut-off date was dependent upon when the recipient received old-age social security benefits and (2) the statute was special legislation because it favored those who would not receive old-age social security benefits and disfavored those who would receive such benefits. Importantly, even though *Parker* invalidated the 1996 version of the statute, it reaffirmed this Court's prior precedent in which we consistently held that treating older injured workers differently from younger injured workers is rationally related to the legitimate government interests in preventing a duplication of benefits and saving money for the workers' compensation system. We said in *Parker*,

> The rational bases for treating younger and older workers differently is (1) it prevents duplication of benefits; and (2) it results in savings for the workers compensation system. Undoubtedly both of these are rational bases for treating those who, based on their age, have qualified for normal Social Security retirement benefits differently from those who, based on their age, have yet to do so.

[*Parker*, 529 S.W.3d at 768.]

Shortly after our holding in *Parker*, the General Assembly in 2018 enacted a new version of KRS 342.730(4) to read:

> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs. In like manner all

-6-

income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

This change purported to rectify the shortcomings of the 1996 version as identified in *Parker* by untethering the cessation of a claimant's workers' compensation income benefits from the receipt of old-age social security retirement benefits, a benefit that *Parker* identified as not available to Kentucky's retired teachers. The new statute now limits the duration of benefits by linking cessation for all income beneficiaries to the later of two events (1) reaching age 70, or (2) four years after injury or last injurious exposure.

In *Holcim v. Swinford*[, 581 S.W.3d 37, 42 (Ky 2019),] we addressed retroactive application of the 2018 amendment. While not explicitly stated in the statute as codified, we found a clear legislative intent that the amendment apply retroactively to all claims where (1) the injury occurred after December 1997 and (2) has not been fully and finally adjudicated through the appellate process, or for which time to file an appeal has not lapsed, as of the effective date of the Act, July 14, 2018. We declined to address the constitutionality of its effect, or the constitutionality of the amendment's text because those issued were not argued until after the Court of Appeals had rendered its opinion. The cases at hand now present the issue remaining after *Holcim*, which is the constitutionality of the amendment and its retroactive application.

*Cates*, 627 S.W.3d at 868-70 (footnotes omitted).

The *Cates* Court first held that the 2018 amendment to KRS 342.730(4) did not violate the equal protection clause under either the 14th Amendment to the United States Constitution or §§ 1, 2, and 3 of the Kentucky Constitution:

> [W]e find the 2018 amendment classifies recipients based only on age, entirely unrelated to their old-age social-security eligibility. This age classification prevents a duplication of benefits, which we have found, to be a legitimate state interest and applies to all those receiving workers' compensation equally. So the current version of KRS 342.730(4) is not violative of the Equal Protection Clause because the age classification is rationally related to a legitimate state purpose.

*Cates*, 627 S.W.3d at 871. The Court then held that the retroactive application of the 2018 amendment to KRS 342.730(4) did not create an arbitrary class of litigants:

> We find here no arbitrary exercise of legislative authority in the retroactive application of the amendment. After *Parker*, the General Assembly acted swiftly to amend the statute to fill the statutory gap with constitutional norms. The legislature "may amend the law and make the change applicable to pending cases, even when the amendment is outcome determinative." Because the 1996 version had been invalidated and a new version enacted, the General Assembly was left to decide if pending claims would be governed by the 1994 version of the statute – a statute that had not been in effect for over 20 years – or to allow for current claims to be decided under the new amendment. The legislative body apparently chose the latter, and that choice was its prerogative.

*Id*. at 871-72 (footnotes omitted).

In *Dowell*, the Supreme Court addressed whether the 2018 amendment to KRS 342.730(4) violated the federal and state contracts clause.

> Adams and Dowell both argue that applying the current version of KRS 342.730(4) to their claims violates the Contracts Clause of both the United States and Kentucky Constitution. Article 1, Section 10, Clause 2 of the United States Constitution reads:

> > No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

> Similarly, Section 19 of the Kentucky Constitutions provides, "No ex post facto law, nor any law impairing the obligation of contracts, shall be enacted."

627 S.W.3d at 894. However, the Supreme Court did not perform a contracts clause analysis in this case "because the Workers' Compensation Act (WCA) does not constitute a contract between Kentucky workers and their employers or the state. Instead, the WCA is a statutory scheme that may be amended as the General Assembly chooses, provided it fits within our constitutional framework." *Id*. at 894-95.

> The workers' compensation system is controlled by the state and is governed by legislative enactments. It is not a contract on between employers and their employees.

Changes to the relevant statutes, therefore, do not create a Contracts Clause issue. While changes to statutes may result in other constitutional issues, such as a violation of due process or constitute special legislation, a Contracts Clause issue is impossible in this matter because there is simply no contract or contractual right for the statutory amendment to impair.

*Id*. at 896.

The Supreme Court then addressed the retroactivity issue in the context of a claimant's right to a certain duration or amount of benefits received.

Dowell and Adams argue that applying the new version of KRS 342.730(4) is unconstitutional because they have a vested right to the benefits assigned to them by the ALJ and Workers' Compensation Board. We have also briefly addressed this argument in a companion opinion, also rendered today, *Cates v. Kroger*. We will address it here to clarify that litigants like Adams and Dowell do not have a vested right to certain benefits. While they have a vested right to some benefits by statute, they do not have a vested right to "certain" benefits until their claim for benefits has been determined by final order.

A benefits-recipient's right to compensation becomes fixed and vests on the date of the injury. The right to receive benefits is a substantive issue and the injury date is controlling under substantive law. We have long held "that where a suit has been instituted under a statute giving a cause of action and a right to maintain such action, and once the action has been prosecuted to final judgment, and the rights of the parties fixed, such rights then become vested in the judgment, and thereafter a legislature can pass no law which impairs the validity of the vested right thus obtained." So, Dowell and Adams have a vested, substantive right to litigate their benefits, a right that cannot be taken away by statutes that

-10-

have since come into existence since filing their claim. But in contrast, their right to a certain duration or amount of benefits has not vested and will not do so until they receive a final decision of their claims. So, the 2018 amendment to KRS 342.730(4) "[does] not create new or take away vested rights" of plaintiffs like Adams and Dowell, and its retroactive application is constitutional.

Because Adams's and Dowell's benefits have not been completely litigated, their potential awards must conform with the changes in the applicable law effective during the litigation process. And in *Holcim* we found that the legislature intended the law to apply to all claims currently pending. So the 2018 amendment applies to Dowell and Adams even though the only issue left to litigate is the effect of the 2018 amendment on the duration of their benefits. While we agree with Adams that the 2018 amendment impairs his benefits award, Adams had no vested right in the outcome of his claim before the ALJ or the Board. As we stated in *Martin v. Warrior Coal, LLC*, [671 S.W.3d 391, 397-98 (Ky. 2021),] the legislature intended for the 2018 amendment of KRS 342.730(4) to apply to all pending appeals, and Adams's appeal was pending when the Court of Appeals ruled. In fact, the case is still not fully litigated.

Likewise, Dowell's benefits claim was decided after we had invalidated the 1996 amendment and the ALJ and the Board resurrected the 1994 version of the statute as applicable to Dowell's claim. By the time Dowell's appeal reached the Court of Appeals, the 2018 amendment had become effective, and we had determined the statute applied retroactively. So Dowell's benefits were not final then and are not now. Because Dowell's award is still being litigated, we find the 2018 amendment to KRS 342.730([4]) controls.

As we stated in *Cates v. Kroger*, "we reiterate our holding in *Holcim* that the legislature intended for the new amendment to apply to all pending appeals with

-11-

injury dates occurring after December 1996." We are bound by the text of the statute and unless it conflicts with a constitutional provision, we must uphold the laws the legislature has enacted. Neither Adams nor Dowell had a vested right to certain benefits, only a right to some benefits that are to be determined under current law.

*Dowell*, 627 S.W.3d at 897-98 (footnotes omitted).

The above-cited cases constitute binding authority of the Supreme Court of Kentucky, which this Court must follow pursuant to Supreme Court Rule (SCR) 1.030(8)(a) ("The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."). Because Lee's injury occurred after 1996 and her award of benefits is still being litigated, the 2018 amendment to KRS 342.730(4) controls in this case.

For the foregoing reasons, the opinion of the Workers' Compensation Board vacating the ALJ's award is affirmed. On remand, the ALJ is directed to amend Lee's award of income benefits to comply with the 2018 version of KRS 342.730(4).

ALL CONCUR.

BRIEF FOR APPELLANT:

Stephanie N. Wolfinbarger
Louisville, Kentucky

BRIEF FOR APPELLEE
UNEMPLOYED EMPLOYERS'
FUND:

Andy Beshear
Attorney General of Kentucky
(Former)

James R. Carpenter
Assistant Attorney General
Frankfort, Kentucky